(85 South. 589)

WEST v. STATE. (7 Div. 613.)

(Court of Appeals of Alabama. April 6, 1920.)

1. WITNESSES ⊜⇒270(2)—CROSS-EXAMINATION AS TO COMPARISON OF CLOTHING OF DECEDENT WITH THOSE OF WITNESS IMMATERIAL.

In a homicide case, where on cross-examination state's witness testified that deceased had nice clothes, court properly sustained objection to a further question as to whether deceased was wearing better clothes than the witness; such matter being absolutely immaterial and irrelevant.

2. CRIMINAL LAW ⊜⇒448(7)—QUESTION HELD TO CALL FOR CONCLUSION.

Where on cross-examination of a state's witness in a homicide case, the witness testified that deceased had nice clothes, the court properly sustained an objection to the further question, "Well, she was wearing better clothes than you were?" as the question clearly called for a conclusion on the part of the witness.

Appeal from Circuit Court, Calhoun County; Hugh D. Merrill, Judge.

Jordan West was convicted of murder in the second degree, and he appeals. Affirmed.

No counsel marked for appellant.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State. There is no error in the record, and the cause should be affirmed.

BRICKEN, P. J. The indictment in this case contained two counts, each count charging the defendant with the offense of murder in the first degree. The proceedings as shown by the record were in all things regular and without error. He was tried under this indictment, and was convicted of the offense of murder in the second degree, the

jury fixing his punishment at imprisonment in the penitentiary for a term of 20 years. There were no exceptions reserved to the oral charge of the court, and no special charges refused to defendant, the court having marked the word "given" on each of the special charges requested by defendant.

[1, 2] Pending the entire trial only one exception was reserved to the ruling of the court upon the admission of the testimony. On cross-examination of Betty Bozeman, state's witness, the witness testified that "Hattie (the deceased) had nice clothes." The counsel for defendant then asked witness, "Well, she was wearing better clothes than you were?" Whereupon counsel for the state objected to that question, and the court sustained the objection, to which ruling the defendant excepted. That there is no merit in this exception is so manifest it needs no discussion. The matter inquired about was absolutely immaterial and irrelevant, and was therefore incompetent. Moreover, the question clearly called for a conclusion on the part of the witness as to which of the two women had the better clothes. The court did not err in sustaining the objection.

The record is entirely free from error, and the judgment of conviction in the circuit court is affirmed.

Affirmed.