### COFIELD v. STATE.    (7 Div. 621.)

(Court of Appeals of Alabama. June 22, 1920. Rehearing Denied Nov. 9, 1920.)

**1. Criminal law ⬅︎1032(1)—Sufficiency of indictment unobjected to not before Court of Appeals.**

Where no objection or demurrer was made as to the indictment, its sufficiency is not before the Court of Appeals for decision.

**2. Criminal law ⬅︎1086(11)—Record not containing oral charge, or charges given at request of state and of defendant, defective.**

Under Acts 1915, p. 815, on appeal from conviction of crime, a record, not containing the oral charge of the court, nor the charges given at the request of the state, nor those given at the request of defendant, is defective.

**3. Criminal law ⬅︎1110(8)—Counsel must examine transcript and invoke certiorari or other process to supply omissions.**

While it is the duty of the clerk to prepare the transcript, it is incumbent upon counsel to examine same to ascertain if it has been properly prepared, and if omissions are apparent to invoke the process of the Court of Appeals by certiorari or otherwise to supply the omission and remedy the defect before submission in the Court of Appeals.

**4. Criminal law ⬅︎1163(1)—Burden on appellant to show prejudicial error.**

Under Supreme Court rule 45 (175 Ala. xxi, 61 South. ix), it is incumbent on appellant to show, not only that error has been committed, but also that by virtue of such error the substantial rights of appellant have probably been injured thereby.

**5. Criminal law ⬅︎1144(14)—Court must assume, in absence of affirmative showing, that rules contained in refused charges were given in others.**

The Court of Appeals must assume, in the absence of affirmative appearance to the contrary, that the rules of law contained in the refused charges, though correct statements, were substantially and fairly given to the jury in the court's general charge, or in charges given at defendant's request, the record being defective, in that it does not contain the oral charge of the court or those given at defendant's request.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

John H. Cofield was convicted of manufacturing prohibited liquors, and he appeals. Affirmed.

Hooton & Vann, of Roanoke, for appellant.

Appellate courts will notice defects in indictments of substance, although no objection is taken below. 16 Ala. App. 99, 75 South. 647. The charges requested by defendant should have been given. 116 Ala. 435, 22 South. 543; 107 Ala. 29, 18 South. 238; 108 Ala. 572, 18 South. 813; 119 Ala. 586, 24 South. 862; 15 Ala. App. 63, 72 South. 573.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

In the present state of the record, the court cannot review the charges refused. 14 Ala. App. 110, 72 South. 208. Under rule 45, Sup. Ct. Prac., error will not be presumed.

BRICKEN, P. J. The defendant was indicted for a violation of the act approved January 25, 1919, "for the suppression of the evils of intemperance," etc., Acts 1919, p. 6. The indictment charged:

"That before the finding of this indictment, and since January 25, 1919, John H. Cofield did distill, make, or manufacture alcoholic, spirituous, malted, or mixed liquors or beverages, against the peace and dignity of the state of Alabama."

[1] No demurrer or other objection was made as to the indictment; therefore the sufficiency thereof is not before this court for decision.

The defendant pleaded not guilty, was convicted as charged, and was given an indeterminate sentence of imprisonment in the penitentiary of two years as a minimum and three years as a maximum.

The following statement of facts from the brief of the Attorney General is borne out by the record:

"It appears from the evidence that appellant and one Henry Abner owned and were operating a still upon appellant's land, and were making whisky at the time they were arrested, Abner's son being also present when the officers appeared, but escaped without being caught. About 1,000 gallons of beer and about six gallons of whisky were found. Appellant is an uncle of Abner. Appellant denied any connection with the still further than that he went there to have it ordered off of his land. The state's testimony, however, shows that he was at work at the still. Abner testified that he and appellant set up the still about two weeks before the arrest of appellant, and that they were making the second run; that defendant was looking after the still, keeping up the fire, and bringing wood and water; that defendant had been pouring water and carrying water in the buckets. G. N. Cofield, the sheriff, testified that appellant dropped a bucket when he first saw him."

During the progress of the entire trial, no exceptions were reserved to any ruling of the court upon the admission of evidence,

━━━━

⬅︎For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and it appears that the only questions presented for review is the action of the court in refusing to give at the request of defendant special written charges numbered 2, 3, 6, and 11.

The record does not contain the oral charge of the court. Neither does it contain the charges given at the request of the state, or those given at the request of the defendant, notwithstanding it is expressly provided by statute (Acts 1915, p. 815):

"In case of appeal the charges must be set out in the transcript in the following manner: 1. The charge of the court. 2. The charges given at the request of the plaintiff or the state. 3. The charges given at the request of the defendant. 4. The charges refused to the appellant."

This same act, supra, expressly provides:

"The refusal of a charge though a correct statement of the law shall not be cause for a reversal on appeal if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge or in charges given at the request of parties."

[2, 3] In the instant case the submission of the cause upon its merits was suffered to be had, notwithstanding the glaring omissions of the necessary requirements above referred to, as to the proper making up of the transcript. While it is the duty of the clerk to prepare the transcript, it is incumbent upon counsel to examine same to ascertain if it has been properly prepared, and if omissions are apparent, to invoke the process of this court, by certiorari or otherwise, to supply the omission and to remedy the defect, and this, of course, must be done before the submission in this court is had.

[4] The effect of Supreme Court rule 45 (175 Ala. xxi, 61 South. ix) is to make it incumbent upon an appellant to, not only show that error has been committed, but also that by virtue of such error the substantial rights of the appellant have probably been injured thereby.

[5] The charges refused to defendant in the instant case bear the impress upon their face of stating correct propositions of law; but for aught we know these charges may have been fairly and substantially covered by the oral charge of the court, or by the charges given at the request of appellant, neither of which, that is, the oral charge of the court or the charges given at the request of defendant, as before stated, are set out in the transcript as required by the statute, supra. It thus conclusively appears that appellant has not met the burden devolving upon him under Supreme Court rule 45 of showing that by the refusal of these special charges the court was in error, for we must assume, in the absence of it affirmatively appearing to the contrary, that the rules of law contained in the said refused charges, though correct statements of the law, were substantially and fairly given to the jury in the court's general charge or in charges given at the request of appellant.

Furthermore, the refused charges in this case, above referred to, each bear the indorsement, over the signature of the trial judge, that they were refused because covered by other given charges.

There are no errors apparent on the record authorizing a reversal of the judgment of the lower court, and therefore an affirmance thereof must be ordered.

Affirmed.