(90 South. 491)

## BELL v. BURNS. (6 Div. 490.)

(Supreme Court of Alabama. June 30, 1921. Rehearing Denied Oct. 13, 1921.)

Appeal and error ⬅⟹544(2), 699(2)—In absence from record of bill of exceptions and oral charge, refusal to give requested charges is not ground for reversal.

Under Code 1907, § 5364, as amended by Acts 1915, p. 815, providing that a general charge should be in writing or be taken down by the court reporter, where there is no bill of exceptions, and the court's oral charge is not set out in the record, reversible error cannot be affirmed on court's refusal of requested charges.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by Vernie Burns, by her next friend, against C. F. Bell. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Haley & Burgin & Jenkins, of Birmingham, for appellant.

Counsel discuss the case on its merits, but, in view of the opinion, it is not deemed necessary to here set them out.

Kenneth C. Charlton, of Birmingham, for appellee.

The record does not authorize the review sought by appellant. 88 So. 187. In the absence of the oral charge of the court, the presumption will be indulged that it fully covers the points raised by the refused charges. Acts 1915, p. 815; 200 Ala. 308, 76 South. 74; 17 Ala. App. 354, 84 South. 867; 204 Ala. 584, 87 South. 19.

SAYRE, J. Error is asssigned upon the refusal of charges numbered 3 and 4 in appellant's motion for a new trial. We need not inquire as to the propositions of law asserted in these charges, for there is no bill of exceptions, nor is the court's oral charge set out in the record, as it should be. In this state of the record, reversible error cannot be affirmed of the trial court's ruling in respect of these charges. These charges may have been inapt to the case made by the evidence, or they may have been fully covered by the court's oral charge. One purpose of Act Sept. 25, 1915 (Acts 1915, p. 815), amend-

ing section 5364 of the Code, was to prevent reversals in cases of this sort—cases in this category.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.