(93 South. 68)

**ANDERSON v. STATE.** (6 Div. 916.)

(Court of Appeals of Alabama. April 4, 1922.)

**1. Criminal law ⬤⟹1056(1)—Part of charge, to which no exceptions taken, not considered on appeal.**

Where no exceptions were taken to part of the court's charge, that part will not be considered on appeal.

**2. Homicide ⬤⟹341 — Defendant, convicted of manslaughter in second degree, cannot complain of refusal to charge on murder and manslaughter in first degree.**

A defendant, who was convicted of manslaughter in the second degree, cannot complain of the court's refusal to charge on murder in the second degree and manslaughter in the first degree.

**3. Homicide ⬤⟹78—Automobilist, not intending to run over decedent, may be guilty of manslaughter in second degree.**

It is not necessary for an automobilist to intentionally run over decedent to be guilty of manslaughter in the second degree.

**4. Homicide ⬤⟹68—Conviction of party accidentally killing another while doing unlawful act proper.**

Where a party, while engaged in an unlawful act, accidentally kills another, he may be convicted of manslaughter.

**5. Costs ⬤⟹322 — Three hundred days maximum period for which one can be sentenced to pay the costs.**

Under Code 1907, §§ 8, 7635, 300 days is the maximum period for which one can be sentenced to pay the costs.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Jim Anderson was convicted of manslaughter in the second degree, and he appeals. Affirmed as to conviction, but remanded for proper sentence.

The killing was done by an automobile being driven by the defendant. In defining manslaughter, the court said:

"Manslaughter is an unlawful killing of a human being, either voluntarily or involuntarily and without malice. It is not necessary for there to be malice in manslaughter, and it is not necessary that it be voluntary for it to be manslaughter in the second degree. The thing that distinguishes manslaughter in the first degree from manslaughter in the second degree is that manslaughter in the first degree must be voluntary killing of a human being, while manslaughter in the second degree is manslaughter under any other circumstances; that is, manslaughter where the killing is not voluntary, but involuntary, and is the unlawful killing by doing an unlawful act, or by doing a lawful act in an unlawful way."

The court further charged that the defendant had the right to operate an automobile along the highway, but that if, in doing so, he was disregarding the speed laws, he would or could be guilty of an unlawful act. The following charges were refused to the defendant:

(5) "If, after considering all the evidence in this case, you are not satisfied beyond a reasonable doubt that the killing of Dan Reynolds by this defendant was not an accident, then you should acquit the defendant."

(13) "If you find from the evidence that the deceased was killed accidentally, then you should find the defendant not guilty."

(14) Practically the same as 13.

(16) Practically the same as 5.

(4) "Unless you believe from the evidence beyond all reasonable doubt that the defendant intentionally ran the automobile over the deceased and killed him, then you should find the defendant not guilty."

(6) Practically the same as 4.

(17) Charge as to reasonable doubt.

Roderick, Beddow and Ben F. Ray, both of Birmingham, for appellant.

The court erred in its charge as to manslaughter in the second degree. 94 Ala. 35, 10 South. 667; 60 Ala. 33. The court erred in its charge as to speed laws. Acts 1911, § 21, p. 642; 200 Ala. 3, 75 South. 315; 12 Ala. App. 324, 66 South. 914; 200 Ala. 607, 76 South. 965. The court erred in refusing the charges requested. 70 Ala. 33; 21 Cyc. 831.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The oral charge of the court, when taken as whole, was without error. 17 Ala. App. 679, 88 South. 200. Counsel discuss the further assignments of error, but without further citation of authority.

MERRITT, J. The oral charge of the court in reference to manslaughter, when taken and considered as a whole, does not appear to be subject to criticism. Bailum v. State, 17 Ala. App. 679, 88 South. 200.

[1] Appellant complains at a part of the court's oral charge, dealing with the speed law, with reference to the operation of automobiles along the public highway; but an examination of the record discloses that no exception was reserved to this part of the oral charge.

[2] The defendant, having been convicted of manslaughter in the second degree, cannot complain at the refusal of the court in refusing charges on murder in the second

---

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

degree and manslaughter in the first degree.

Refused charges 11 and 12, being the affirmative charges, were properly refused, as the evidence was in conflict, and there is evidence in the record to justify a conviction.

Refused charge 17 is elliptical.

[3] Refused charges 4 and 6 do not state correct principles of law. To be guilty of second degree manslaughter, it was not necessary that the automobile be intentionally run over deceased, as stated in said charges. If the act had been intentionally committed, the offense would of necessity be a higher one than second degree manslaughter.

[4] Refused charges 5, 13, 14, and 16 are bad, in that they would justify an acquittal of defendant if the injury was accidental, while the law justifies conviction if the defendant was engaged in an unlawful act, or the doing of a lawful act in an unlawful manner.

[5] The record is free from error, except the sentence. To sentence to 314 days' hard labor to pay the costs is erroneous, as 10 months, of 30 days each, or 300 days, is the maximum period for which one can be sentenced to pay the costs. Code 1907, §§ 8, 7635.

The judgment of conviction is affirmed, but the cause is remanded for proper sentence.