(96 South. 370)

## POWE v. STATE. (1 Div. 492.)

(Court of Appeals of Alabama. May 8, 1923.)

1. Assault and battery ⊘83—Question held objectionable as calling for immaterial matter.

In prosecution for assault and battery, where the person assaulted had testified on cross-examination that he had on several occasions reported defendant to the authorities for improperly parking his automobile in front of a hotel, and had made efforts to have defendant's license as chauffeur revoked, and on re-direct examination testified that he did before the assault make some complaint to authorities about defendant being in front of the hotel, whereupon the solicitor asked, "Just tell them on what you made your complaint," to which question objection was overruled, held, that the testimony called for by such question related to an entirely different and distinct transaction, and was inadmissible.

2. Criminal law ⊘1169(5)—Formal exclusion of answer to improper question held not to cure error in admission of evidence calculated to influence jury against defendant.

Where the court erroneously overrules objections to a question calling for inadmissible evidence, and subsequently sustains a motion to exclude the answer, held, that where the answer is calculated to influence the minds of the jury against defendant, the mere formal granting of the motion to exclude is not sufficient to render the error harmless.

3. Criminal law ⊘1163(3)—Injury presumed from error committed by trial court in admission of evidence.

Where in a criminal prosecution error is shown to have been committed by the trial court, injury is presumed, and the burden to subsequently remove and to wholly neutralize the prejudicial effect wrought by the admission of evidence over the adversary's seasonable objection and exception is upon the party introducing the evidence.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Sam Powe was convicted of assault and battery, and he appeals. Reversed and remanded.

Brooks & McMillan, of Mobile, for appellant.

Acts and declarations to be admissible as of the res gestæ must not only be contemporaneous with the main fact, but so closely connected as to illustrate its character. Fonville v. State, 91 Ala. 39, 8 South. 688; Hammock v. State, 8 Ala. App. 367, 62 South. 322; Powell v. State, 5 Ala. App. 75, 59 South. 530; A. G. S. v. Guest, 144 Ala. 373, 39 South. 654; Barlew v. State, 5 Ala. App. 290, 57 South. 601; Wells Am. Co. v. Means, 2 Ala. App. 574, 56 South. 594. The error of admitting illegal and prejudicial evidence will not be rendered harmless by the subsequent attempt to withdraw the evidence from the consideration of the jury. West v. State, 17 Ala. App. 353, 85 South. 833; McDonald v. State, 72 Ga. 55.

Harwell G. Davis, Atty. Gen., for State.

No brief reached the Reporter.

SAMFORD, J. The prosecution grew out of a difficulty between defendant and one Sam Schwarz. Two other parties were engaged in a fight, Schwarz attempted to interfere as a peacemaker, and, as claimed by him, defendant caught him by the collar and assaulted and beat him. During the cross-examination of Schwarz as a witness, he first testified that he had never had any

feeling for or against defendant, but on further cross-examination admitted that on several occasions he had reported defendant to the ·authorities for parking his automobile in front of the Cawthon Hotel and had made efforts before the city commissioners and before the state authorities to have defendant's license as a chauffeur revoked. On redirect examination he testified: "I did, before this assault took place, make some complaints to the city authorities about Sam Powe being in front of the hotel." The solicitor then asked: "Just tell them on what you made your complaint." Defendant objected to this question, stating proper grounds, the objection was overruled, and defendant excepted. The testimony called for by this question was not substantially contemporaneous with the offense charged, or so closely connected with the main fact as to tend to illustrate the act complained of. Such testimony therefore could not be a part of the res gestæ.

[1] The testimony called for related to entirely different and distinct transactions, having no bearing on the case at issue, and with no tendency to prove or disprove any fact properly involved in the trial. The defendant's objection to this question should have been sustained. Hammock v. State, 8 Ala. App. 367, 62 South. 322; A. G. S. Ry. v. Guest, 144 Ala. 373, 39 South. 654; Crawford v. State, 112 Ala. 1, 21 South. 214. Indeed, the trial court recognized the illegality of the question, by its subsequent ruling sustaining the motion of defendant's counsel to exclude the answer.

[2] Ordinarily this action of the court in excluding the answer to an illegal question would have rendered the error harmless, but in this case the answer to the question was so calculated to influence the minds of the jury against the defendant as that a mere formal granting of a motion to exclude would not be sufficient to render the error harmless.

It is unnecessary, we think, to quote the language of the answer to the question, but it was calculated, if true, to have aroused resentment in the minds of every man on the jury, and, judging from the severe punishment inflicted by the court, perhaps even had its effect upon the judicial mind. Defendants are entitled to fair trial, free from the influence of illegal evidence tending to prejudice his case. Whenever illegal testimony tending to influence the minds of the jury has been admitted, over the objection and exception of the defendant, it is always a serious question as to how far such testimony, though withdrawn in the most explicit and emphatic manner, has injuriously affected the party against whom it was admitted. Maryland Cas. Co. v. McCallum, 200 Ala. 154, 75 South. 902.

[3] Where error is shown to have been committed by a trial court, injury is presumed, and the burden and obligation to subsequently remove and to wholly neutralize the prejudicial effect wrought by the admission, over the adversary's seasonable objection and exception of such illegal matter, is upon the party inducing the admission of such illegal matter as evidence in the cause. Watson v. Adams, 187 Ala. 490, 65 South. 528, Ann. Cas. 1916E, 565; Davis v. State, 18 Ala. App. 482, 93 South. 269.

In this case, after the answer, which was responsive, had been given to the illegal question, motion was made to exclude the answer, and the motion was granted in the formal terms usual in such cases. No effort was made to cure the evil effect of the error, and motion by defendant to take the case from the jury was overruled. The objection to the question should have been sustained. Under the facts in this case we must hold that the state has not discharged the burden of showing that the injury arising from the error was by the subsequent rulings of the court wholly eradicated from the minds of the jury. West v. State, 17 Ala. App. 387, 85 South. 589; Davis v. State, 18 Ala. App. 482, 93 South. 269.

The other exceptions are without merit, but for the error pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.