(102 So. 728)

## McBRIDE v. STATE. (6 Div. 702.)

(Court of Appeals of Alabama. Jan. 13, 1925.)

1. **Criminal law ⬤⟞1144(14)—Refusal of requested instructions, where oral charge not in record, presumed covered by oral charge.**

Where trial court's oral charge is not in record, under Supreme Court rule 45 presumption is that refused charges requested in writing, other than the general affirmative charge, where they stated correct propositions of law, were covered by court's oral charge, in view of Code 1923, § 9509.

2. **Criminal law ⬤⟞1121(1)—Error in refusing peremptory instructions to acquit held reviewable on appeal without reference to other instructions.**

Erroneous refusal of general affirmative charge is properly raised, where accused tenders a bill of exception purporting to set out all the testimony, and his request for the general charge refused by the trial judge appears in the record.

3. **Criminal law ⬤⟞1159(2)—Verdict supported by evidence not disturbed on appeal.**

A verdict of conviction will not be disturbed on appeal if supported by sufficient evidence

from which the jury could legally infer defendant's guilt.

**4. Homicide ☞234(1)—Conviction of manslaughter cannot be sustained on evidence amounting to no more than suspicion of accused's identity.**

Where motor vehicle was driven at street intersection in violation of Code 1923, § 6266, causing death of pedestrian, although sections 3333 and 3328 made certain traffic offenses punishable, evidence creating only a suspicion that accused was the driver *held* not sufficient to sustain conviction for manslaughter.

**5. Criminal law ☞419, 420(1)—Testimony as to identification of accused held hearsay.**

Testimony of a detective that accused was taken to headquarters on the day after the accident and identified by a named person *held* inadmissible as hearsay.

Appeal from Circuit Court, Jefferson County; Fred H. Woodard, Special Judge.

Herbert F. McBride was convicted of manslaughter in the second degree, and he appeals. Reversed and remanded.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] The given and refused charges requested in writing by the defendant appear in the record, but the oral charge of the court does not appear. In the absence of this oral charge under Supreme Court rule 45, we will presume that the refused charges, where they state correct propositions of law, were covered by the court's oral charge. Code 1923, § 9509; Cofield v. State, 18 Ala. App. 12, 88 So. 353; Bell v. Burns, 206 Ala. 465, 90 So. 491.

[2] The foregoing does not apply to the giving or refusing of the general affirmative charge. Where a defendant is entitled to general instructions to acquit under the evidence, and there is a bill of exceptions purporting to set out all of the testimony on the trial, and a request for the general charge marked refused by the presiding judge appears in the record, the question of its refusal is properly raised in this court.

[3] It is also a well-settled rule of law in this jurisdiction that, where there is sufficient evidence introduced on the trial from which the jury can legally infer guilt, their verdict will not be disturbed on appeal.

[4, 5] In this case the defendant was indicted on a charge of manslaughter, in that he did, in the doing of an unlawful act not amounting to a felony nor naturally tending to cause death or great bodily harm, kill Sarah Clark by running over her with an automobile. 129 Corpus Juris, p. 1148 (134). The evidence tends to show that some persons driving a Velie automobile ran over and killed the deceased at the intersection of Twenty-Sixth street and Avenue F in the city of Birmingham; that the car was coming from Twenty-Sixth street into Avenue F at the rate of speed of from 30 to 35 miles per hour; that the homicide occurred about the middle of Avenue F and on a line with the sidewalks on Twenty-Sixth street to the right into Avenue F. Section 20 of Acts 1911, p. 634 et seq., provides among other things:

"Any * * * person so operating a motor vehicle shall, at the intersection of public highway keep to the right of the intersection of the center of such highway when turning to the right and pass to the right of such intersection when turning to the left."

If, therefore, the person driving the automobile which killed deceased did not keep to the right of the intersection of the center of Twenty-Sixth and Avenue F while turning from Twenty-Sixth street into Avenue F, such person was guilty of a violation of section 20, Acts 1911, p. 634 (Code 1923, § 6266), and punishable under section 3333 of the Code of 1923. There was evidence tending to prove that the person driving the car did not drive to the right of the intersection of the two streets as is provided in the statutes above cited. If this was so, and death resulted therefrom, and the jury so found beyond a reasonable doubt, the person would be guilty as charged in the indictment. 29 Corpus Juris, p. 1152, note 76.

Section 21 of the Act of 1911, supra, which has been brought forward into section 3328 of the Code of 1923, provides a penalty against reckless driving of a motor vehicle along highways, having regard for the width, traffic, and use of the highway. There was evidence in this case from which the jury might reasonably find that the car which killed deceased was being driven in violation of this section of the Code. If this was so, and death resulted from such act, the person driving would be guilty under this charge. Authorities supra.

The question then arises who was the person driving the car. The party must be identified by evidence before a conviction can be had. Mere suspicion will not suffice. We have searched this record diligently for evidence that would tend to connect the defendant with the commission of this crime. Such evidence is not in the record, and this defendant was entitled to the general affirmative charge. True, one of the city detectives testified that defendant was brought to headquarters on the day of the accident and "identified by Gilbreath." This was the merest hearsay, and should have been excluded. Besides, what did the "identify" consist of; there is nothing to indicate that Gilbreath identified defendant as being the person driving the car.

The affirmative charge should have been

given as requested by defendant, and for this error the judgment is reversed and the cause is remanded.

Reversed and remanded.