**McCLANAHAN v. STATE.** (6 Div. 522.)

(Court of Appeals of Alabama. Feb. 17, 1925. Rehearing Denied April 7, 1925.)

**1. Homicide ⬅78—Specific intent to kill not essential in second degree manslaughter.**

Specific intent to kill is not essential in all homicide cases, notably in charge of second degree manslaughter.

**2. Criminal law ⬅758—Refused charge held misleading as apparently binding jury to give defendant's testimony equal weight with that of other witnesses.**

Refused charge that jury should weigh defendant's testimony by same rule as that of other witnesses, *held* misleading as seeming to state, as matter of law, that jury were bound to give his testimony equal weight with that of any other witness.

**3. Criminal law ⬅743—Weight and influence of defendant's testimony exclusively for jury.**

While jury may not capriciously disregard defendant's testimony, weight and influence thereof is exclusively for them.

**4. Criminal law ⬅829(1)—Refusal of charges covered by charges given not error.**

Refusal of charges covered by charges given is not error.

**5. Criminal law ⬅308—Presumption of innocence continues only until jury concludes beyond reasonable doubt that defendant is guilty.**

Presumption of innocence continues only until jury concludes from evidence beyond reasonable doubt that defendant is guilty.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Fred McClanahan was convicted of assault with intent to murder, and he appeals. Affirmed.

Charge 1, refused to defendant, is as follows:

"(1) In all cases of homicide or an assault with an intent to kill, the law requires as an element of guilt an intent to kill; and if in this case you find that the defendant did not, when he shot Ed Holmes, intend to kill him, then you should acquit him of the offense with which he is charged, and inquire only as to whether he is guilty of an aggravated assault."

Mathews & Mathews, of Bessemer, for appellant.

It is the intent unlawfully and maliciously to kill that constitutes the crime of assault with intent to murder. Washington v. State, 53 Ala. 33; McCormack v. State, 102 Ala. 161, 15 So. 438. Defendant is a competent witness in his own behalf and his testimony is to be weighed as that of other witnesses. Code 1923, § 5632. The burden of proof is always upon the prosecutor. Roberson v. State, 183 Ala. 43, 62 So. 842.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There is no error in the record.

SAMFORD, J. [1] The specific intent to kill is not essential in all cases of homicide, notably in a charge of manslaughter in the second degree. Including as it does all grades of homicide refused charge 1 was properly refused.

[2] Refused charge 3 is as follows:

"The jury are instructed that the defendant is a competent witness in his own behalf, and they should not disregard his evidence, because he is the defendant and stands charged with a crime, but they should thoroughly and impartially consider and weigh his testimony by the same rule as that of other witnesses in this case."

[3] The Attorney General in his brief insists that this charge is covered by the court's oral charge, but neither in the oral charge nor in the given charges do we find this charge even substantially covered. We are, however, of the opinion that the charge is misleading. To the mind of the average juror, it would seem to impart as matter of law, that the jury were bound to give to the

---

testimony equal weight .as to that of any other witness. This is not a correct rule. While the jury may not capriciously disregard the testimony of the defendant when he elects to testify, the weight and influence any proof shall have on their deliberations is exclusively for them. As was said by Stone, C. J.:

"The law has neither declared, nor can it declare, any standard for weighing such testimony." McKee v. State, 82 Ala. 32, 2 So. 451; Ex parte Warrick, 73 Ala. 57.

[4, 5] Refused charge 7 is covered in given charge 10 and in the court's oral charge. The correct rule of law with reference to the presumption of innocence and as to how long it was to continue was correctly given to the jury by the court in his oral charge. This presumption of innocence continues only to that point where the jury arrive at the conclusion from the evidence beyond a reasonable doubt that the defendant is guilty.

Refused charges 9 and 10 were both fully covered by given charges, and by the oral charge.

We find no error in the record, and 'the judgment is affirmed.

Affirmed.