(106 So. 875)

## SPRUILL v. STATE. (6 Div. 906.)

(Court of Appeals of Alabama. Jan. 12, 1926.)

1. **Statutes ⬅121(1)—Provisions of act relating to collection of and application of license tax for pavement of roads held allied to title, stating purpose of act to provide better system of roads.**

Provisions of Act Feb. 10, 1923 (Loc. Acts 1923, p. 19), as amended by Act Sept. 26, 1923 (Loc. Acts 1923, p. 280), concerning collection of the license or privilege tax for operation of vehicles on roads, means of enforcement, and application of tax to betterment of roads, are to be interpreted as allied and not repugnant to title expressing but one subject, viz., to provide for a better system of public roads for county, the remainder of title being indicative of the provisions of the act; and hence such act is constitutional, in view of presumption favoring constitutionality.

2. **Statutes ⬅109—Whether an act is constitutional as containing proper title depends on whether its provisions are allied to subject expressed in title.**

Whether an act is constitutional as containing a proper title depends on whether all of its provisions are germane to the act itself, and allied to the subject as expressed in its title.

Appeal from Circuit Court, Lamar County; Ernest Lacy, Judge.

Jim Spruill was convicted of violating the road laws, and he appeals. Affirmed.

R. G. Redden, of Vernon, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The act is not violative of the Constitution. Hubbard v. State, 172 Ala. 374, 55 So. 614; Ballentyne v. Wickersham, 75 Ala. 533; State v. Street, 117 Ala. 203, 23 So. 807.

RICE, J. Appellant was convicted of the offense of violating the terms of act of the Legislature approved February 10, 1923, as amended by act approved September 26, 1923 (Loc. Acts Ala. 1923, pp. 19 and 280), by operating certain vehicles over the public roads of Lamar county, Ala., without first paying the required license therefor.

The only question appearing for our decision is the propriety vel non of the trial court's action in overruling appellant's demurrers to the complaint filed against him in the circuit court. These demurrers question, on a number of grounds, the constitutionality of the act of the Legislature under which the prosecution was laid.

[1] There is but one subject in the title to this act—namely, to provide for a better system of public roads for Lamar county. The other parts of the title are but indica-

tive of the provisions, in the body of the act, deemed necessary for carrying out that purpose. Hubbard v. State, 172 Ala. 374, 55 So. 614.

The court, in Ballentyne v. Wickersham, 75 Ala. 533, states that:

"The provision contained in Const. 1901, § 45, was intended to prevent the abuse of "log rolling laws," and "that the title of a bill may be very general, and need not specify every clause in the statute. Sufficient if they are all referable, and cognate to the subject expressed. And when the subject is expressed in general terms, everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in, and authorized by it. * * * It may include innumerable minor subjects, provided all these minor subjects are capable of being so combined as to form only one grand and comprehensive subject; and if the title of the bill, containing this grand and comprehensive subject, is also comprehensive enough to include all these minor subjects as one subject, the bill and all parts thereof will be valid."

[2] The real test in this particular case is whether all the provisions contained in the act are germane or cognate to the act itself—all its provisions allied to the subject expressed. Certainly the collection of a license or privilege tax for the operation of vehicles over the roads of a county, the means of enforcing the collection thereof, and the application of the tax to the betterment of the roads in question cannot be interpreted otherwise than as allied to the subject of the betterment of the roads for the operation over which the tax is collected. Indulging the reasonable presumption in favor of the constitutionality of the act, it certainly does not appear that the provisions of the act are incongruous with or repugnant to its title. State v. Street, 117 Ala. 203, 23 So. 807.

The demurrers were properly overruled.

There being no prejudicial error in the record, the judgment is affirmed.

Affirmed.