(106 So. 874)

### DAVIS v. STATE.    (5 Div. 580.)

(Court of Appeals of Alabama.   Jan. 19, 1926.)

1. **Rape 35(4)—Proof showing name of prosecutrix different than name as charged was variance.**

Where indictment for assault to rape described person assaulted as Clio Godfrey, but proof showed her name to be Cleo Godfrey, *held*, there was a material variance, fatal to conviction.

2. **Names 16(3)—Clio and Cleo held not idem sonans.**

Clio and Cleo *held* not idem sonans.

3. **Rape 35(4)—Variance in spelling name of prosecutrix may be immaterial.**

Where indictment for assault to rape described person assaulted as Clio Godfrey, instead of Cleo Godfrey, name of such party was matter of description or identity, and, if names might be sounded alike without doing variance to power of letters found in varient orthography, and it is shown that Cleo was identical person named in indictment, variance in spelling would be immaterial.

4. **Criminal law 364(2), 406(5)—Rape 39—Remark of accused on day previous to assault held no part of res gestæ.**

Remark attributed to accused on day previous to alleged assault to rape, expressive of sensual desire with respect to prosecutrix, *held* not part of res gestæ, nor admissible as admission of guilt, or as threat.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Sherwood Davis was convicted of assault to rape, and he appeals.   Reversed and remanded.

Jas. W. Strother, of Dadeville, for appellant.

The name of the person against whom the offense is charged to have been committed must be proven as alleged in the indictment. The names Cleo and Clio are not idem sonans.   Crawford v. State, 112 Ala. 1, 21 So. 214; Campbell v. State, 18 Ala. App. 219, 90 So. 43; Clements v. State, 19 Ala. App. 640, 99 So. 832.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not ·reach the Reporter.

SAMFORD, J.   [1, 2] The defendant was charged with having assaulted *Clio* Godfrey, and the proof showed that, if the assault took place as alleged, the name of the assaulted party was *Cleo* Godfrey.   Clio is the name well known in history as being that of an an-cient goddess, while Cleo is a contraction of Cleopatra.   These names are entirely different and have no such similarity as commonly pronounced in this country as that they may be said to be idem sonans.   Clements v. State, 19 Ala. App. 640, 99 So. 832.   The evidence, as it appears in the bill of exceptions, discloses a material variance, and is fatal to a conviction.   8 Mich. Dig. 656, par. 102.

[3] The name of the assaulted party is matter of description or identity, and, if the names may be sounded alike without doing violence to the power of the letters found in the variant orthography, and on another trial it should be made to appear that *Cleo* was the identical person named in the indictment as the assaulted party, then the variance in the spelling would be immaterial.   8 Mich. Dig. 657, par. 103.

[4] The remark attributed to defendant on the day previous to the alleged assault, expressive of a sensual desire with respect to prosecutrix, while reprehensible in the extreme, was not of the res gestæ, and is not admissible in evidence, either as an admission of guilt or as a threat.   Powe v. State, 19 Ala. App. 215, 96 So. 370.   On account of its character its admission in evidence was injurious to defendant's rights.

As to whether the facts made out a case of assault to rape was one of fact for the jury.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.