### JONES v. STATE. (6 Div. 857.)

(Court of Appeals of Alabama. Jan. 19, 1926.)

**1. Indictment and information ⬅119.**

Count in indictment, adding nothing to indictment, may be considered as surplusage.

**2. Criminal law ⬅730(14)—Refusal to instruct that argument of prosecuting attorney, calling attention to color and race of accused, was highly improper held error.**

Although court sustained objections to argument of prosecuting attorney attempting to call attention to color and race of accused, his refusal to instruct jury that argument was highly improper *held* error.

**3. Homicide ⬅78.**

"Manslaughter in the second degree" is unlawful killing without malice and intent to kill or inflict injury resulting in death, but committed by accused while doing unlawful act amounting to misdemeanor, or while doing lawful act in grossly negligent or improper manner.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Manslaughter in Second Degree.]

**4. Criminal law ⬅815(6).**

Good character, when proven, is evidentiary to be considered with other evidence as to defendant's guilt, so that instruction thereon, pretermitting consideration of all evidence, is not proper.

**5. Automobiles ⬅357.**

Where gross negligence of accused in operating automobile was raised in homicide prosecution, city ordinance regulating motor vehicle operations *held* properly read to jury on court's charge.

**6. Automobiles ⬅357.**

In homicide prosecution, raising issue of criminal negligence in driving automobile, court erred in reading to jury ordinance making it unlawful to operate motor vehicle so as to be unable to prevent striking pedestrian.

**7. Indictment and information ⬅19.**

Indictment charging murder in first degree in form laid down by Code 1923, § 4556, subd. 76, is sufficient, and elements of offense as defined in section 4454 may be proven thereunder.

**8. Automobiles ⬅346—In homicide prosecution, based on criminal negligence in driving automobile, refusal of charge that deceased was violating traffic laws held proper.**

In homicide prosecution, based on criminal negligence in driving automobile, refusal of charge that deceased was violating traffic laws at time of death *held* proper, doctrine of contributory negligence having no connection with criminal prosecution.

**9. Criminal law ⬅814(18).**

Instruction that, if jury have reasonable doubt of truth of statements of state's witnesses, they cannot convict, even though not believing defendant's witnesses, *held* properly refused as abstract and misleading.

**10. Criminal law ⬅813.**

Charge that, to convict, jury must find that deceased was killed because of unlawful speed of automobile driven by accused, and to acquit if death was caused as result of intervening cause, *held* properly refused as misleading and abstract.

**11. Criminal law ⬅813.**

In homicide prosecution, raising issue of criminal negligence in driving automobile, charge that jury could not convict for offense of speeding *held* properly refused as abstract and misleading.

**12. Homicide ⬅125.**

In homicide prosecution, refusal of instruction to acquit, if death was result of mere accident, *held* proper, as such death might be manslaughter in second degree.

**13. Criminal law ⬅753(1).**

General charge is properly refused, where evidence is conflicting.

**14. Homicide ⬤⟞36.**

Specific intent to take life is not essential to conviction for manslaughter in second degree.

**15. Automobiles ⬤⟞344—Unintentional killing by intentionally driving automobile in excess of speed limit, or reckless driving within limit, is "manslaughter in second degree."**

Unintentional killing, resulting from intentional driving of automobile in excess of speed limit so as to constitute misdemeanor, or within speed limit in such reckless manner as to constitute gross negligence, is "manslaughter in second degree," even if deceased was violating ordinances at time.

Appeal from Circuit Court, Jefferson County; W. E. Fort, Judge.

Hattimer Jones was convicted of manslaughter in the second degree, and he appeals. Reversed and remanded.

Charge 5, requested by and refused to defendant, to the same effect of which are charges 6, 8, and 17, is as follows:

"(5) The court charges you, gentlemen of the jury, that under the undisputed evidence in this case the deceased was violating the traffic laws of the city of Birmingham at the time he received the injuries which caused his death."

These requested charges were also refused to defendant:

"(23) If the evidence of the state consists in the statements of a witness, the truth of which the jury have a reasonable doubt, they cannot convict on such evidence, although they may not believe the testimony of defendant's witness."

"(26) The court charges you, gentlemen of the jury, that the defendant has proved a good character, and that the law says that such good character may be sufficient to create or generate a reasonable doubt of his guilt, although no such doubt would have existed but for such good character.

"A1. The court charges you, gentlemen of the jury, that, before you can convict the defendant, you must find that the deceased was killed because of the unlawful rate of speed at which the automobile was being driven by the defendant; and, if the death of the deceased was caused as the result of any intervening cause, it is your duty to acquit the defendant."

"A3. You cannot convict this defendant for the offense of speeding."

"A6. I charge you, gentlemen of the jury, that, if the deceased's death was the result of mere accident, it is your duty to acquit the defendant."

D. G. Ewing, of Birmingham, for appellant.

The remarks of the solicitor were calculated to prejudice the jury against the defendant, and the court erred in not instructing the jury that such remarks were highly improper. Tannehill v. State, 159 Ala. 51, 48 So. 662; Anderson v. State, 104 Ala. 84, 16 So. 108; Ala. F. & I. Co. v. Williams, 207 Ala. 99, 91 So. 879; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Sullivan v. State, 66 Ala. 48; Quinn v. People, 123 Ill. 333, 15 N. E. 46; E. T., V. & G. R. Co. v. Carloss, 77 Ala. 443; Florence, etc., Co. v. Field, 104 Ala. 471, 16 So. 538; Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212, 102 So. 130. The court erred in its oral charge to the jury in defining manslaughter. Crisp v. State, post, p. 449, 109 So. 282. It was error to refuse charge 26. Amos v. State, 123 Ala. 50, 26 So. 524; Pickens v. State, 115 Ala. 42, 22 So. 551; McKenzie v. State, 19 Ala. App. 319, 97 So. 155. The court erred in reading the ordinance to the jury as a part of its charge. Crisp v. State, supra; Peoples v. Barnes, 182 Mich. 179, 148 N. W. 400; Fitzgerald v. State, 112 Ala. 34, 20 So. 966. Charges 5, 6, 8, 17, and A–6 were improperly refused. Crisp v. State, supra; Peoples v. Barnes, supra. Defendant was due the affirmative charge. 29 C. J. 1154; State v. Clark, 196 Iowa, 1134, 196 N. W. 82; State v. Tankersley, 172 N. C. 955, 90 S. E. 781, L. R. A. 1917C, 533.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., Jim Davis, Sol., and Willard Drake, Asst. Sol., both of Birmingham, for the State.

Exceptions to the argument of the solicitor were not well taken. Dennis v. State, 139 Ala. 109, 35 So. 651; Metropolitan v. Carter, 212 Ala. 212, 102 So. 130. There was no error in reading the ordinance to the jury. Johnston v. State, 94 Ala. 35, 10 So. 667; Watts v. Montgomery Tr. Co., 175 Ala. 102, 57 So. 471. The indictment in Code form is sufficient. Jennings v. State, 17 Ala. App. 640, 88 So. 187; Harvey v. State, 15 Ala. App. 311, 73 So. 200. Defendant's requested charges were refused without error. Carroll v. State, 17 Ala. App. 616, 88 So. 159; Pippin v. State, 19 Ala. App. 384, 97 So. 615; Exception to the oral charge is without merit. Estes v. State, 18 Ala. App. 606, 93 So. 217; Pippin v. State, 19 Ala. App. 384, 97 So. 615.

SAMFORD, J. The indictment in its first paragraph is a complete charge of murder in the first degree, and meets every requirement of a charge of that crime.

[1] There is a second paragraph in the indictment separate from the first count which charges no offense, but the motion and demurrers as filed by defendant are directed to both counts or paragraphs upon the contention that no offense is charged. The indictment does completely charge murder in the first degree, and the second paragraph charges nothing, means nothing, adds nothing to the indictment, takes nothing away from it, and may be considered as surplusage.

[2] The remarks of the solicitor in his ar-

---

gument to the jury as set out in the two colloquies between the solicitor, the court and defendant's counsel, when taken and considered in connection with everything that took place in the trial and in the presence of the jury, can be construed to have had but one purpose, and that was, by calling attention to the color of defendant and those who were riding in the automobile with him, to arouse the prejudice of the jury against the defendant by reason of his race. The specific remarks of the solicitor to which exceptions were taken were:

"He was trying to save his own yellow head and that of his black mammy and pickaninny sitting on the back of the car,"

—and, after the court had sustained the defendant's objection as to color, the solicitor continued:

"The fact remains that, when a witness takes the stand, the jury has the right to look at the color of that witness, the expression of the eye, any peculiarity that it has, and everything about the witness, that they may determine what credit they will give to the testimony of that witness."

The court again on motion excluded the reference to color. The defendant moved the court to instruct the jury that the remarks were highly improper, and in ruling on the motion the court said:

"Very well, sir, I would not say that, because the court does not think it highly improper."

We cannot conceive of a clearer case where an attempt was made to direct the minds of the jury to the race and color of defendant, which admittedly could not legally be done, and which the court recognized by its ruling, so that, as to the objections made, the rulings of the court were with the defendant, and as to those there is nothing in the record calling for review. B. Ry., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Bean v. State, 18 Ala. App. 281, 282, 91 So. 499.

We then have only for review the action of court in refusing the motion of defendant that "the court instruct the jury that that is highly improper argument on the part of counsel," and to the remark of the court in connection with its ruling: "I would not say that, because the court does not think it highly improper." Taken in connection with the colloquy as set out in the record and the character of the case then on trial, this court is of the opinion that the argument was highly improper, calling for prompt and positive instructions from the court. It may well be doubted that even prompt and positive action on the part of the court would have cured the injury already done to the defendant, and certainly the perfunctory ruling of the court in excluding remarks as to the color of defendant did not have that effect. It is the first, and one of the highest, duties of a trial judge to see that a defendant on trial in a criminal case has a fair and an impartial trial, and to prevent, as far as possible, all improper, extraneous influences from finding their way to the jury. One such extraneous influence, well known of all men, is race prejudice, and, when such is ingenuously injected into the trial of a case by the prosecutor in his closing argument to the jury, the court ex mero motu, and certainly on motion of defendant, should use prompt and vigorous methods in letting the jury know that such arguments will not be tolerated by the courts. Justice is blind, says the law, and in her judgment must see no man, color, race, or condition. Wolffe v. Minnis, 74 Ala. 386; Met. L. Ins. Co. v. Carter, 212 Ala. 212, 102 So. 130; Florence C. & I. Co. v. Field, 104 Ala. 471, 16 So. 538; Powe v. State, 19 Ala. App. 215, 96 So. 370; Simmons v. State, 14 Ala. App. 103, 71 So. 979. We are also of the opinion that the exception is so presented as to require review.

[3] The court in its oral charge gave the following definition of manslaughter in the second degree.

"Manslaughter in the second degree is defined as the unlawful killing of another human being, without malice and without the intent to kill or to inflict the injury resulting in death, but accidentally committed by the accused while he was doing an unlawful act amounting to a misdemeanor, or accidentally committed by the accused while he was doing a lawful act, but in a grossly negligent or improper manner."

This definition is sustained by the decisions. Pippin v. State, 19 Ala. App. 384, 97 So. 615; 1 Mayfield, Dig. 639, pars. 7 and 8; Estes v. State, 18 Ala. App. 606, 93 So. 217.

[4] Refused charge 26 is bad, in that such charge pretermits a consideration of all the evidence. Good character, when proven, is evidentiary to be considered along with the other evidence, and it is only when so considered that it may generate a reasonable doubt.

[5] The trial court did not err in reading to the jury that part of the ordinances of Birmingham regulating the operating of motor vehicles in said city. One of the questions involved in the inquiry incident to this prosecution was the gross negligence of the defendant in operating the automobile driven by him. If defendant was driving the automobile in violation of the city ordinance, that fact should be considered on the question of gross negligence.

[6] A separate exception was reserved by the defendant to a reading of that part of the city ordinance as follows:

"And it shall be unlawful for any person to so operate any motor vehicle upon the highways in the city of Birmingham as to be unable

to prevent striking any pedestrian or vehicle upon such highway."

Whether the foregoing is a valid enactment or not it is not necessary for us here to decide. In a proper case its validity might well be questioned, but surely that part of the ordinance has no place in a charge involving criminality in a homicide case, where gross negligence, such as implies an indifference to consequences so as to take the place of a criminal intent, is relied upon for conviction. The excerpt hereinabove quoted makes an accident otherwise unavoidable, a violation of the city law. The court erred in reading this part of the ordinance to the jury. Fitzgerald v. State, 112 Ala. 34, 20 So. 966.

[7] The motion to quash the indictment was properly overruled. As has already been seen, the indictment sufficiently charges murder in the first degree, and is in the form laid down by the statute. Code 1923, § 4556, subd. 76. Section 4454 of the Code of 1923 merely defines murder in the first degree, the elements of which may be proven under an indictment sufficiently charging the offense.

[8] Charge 5 requested by defendant was properly refused. The fact that the deceased was, at the time he was run over and killed by defendant's car, himself violating one of the traffic regulations of the city of Birmingham would not relieve defendant of criminality. The doctrine of contributory negligence does not enter into a consideration of this case. The inquiry is, Was the defendant violating the law, and in and as a result of that violation did he kill the deceased? In a civil suit for damages the rule would admit of the law as contended by appellant, but not in this case. The foregoing also applies to refused charge 8 and the refused charges 17 and 6.

[9] Refused charge 23 is abstract and misleading in this case. Baxley v. State, 18 Ala. App. 277, 90 So. 434; Ex parte Baxley, 206 Ala. 698, 90 So. 925.

[10, 11] Refused charge A1 is abstract and misleading, as was also refused charge A3.

[12] Refused charge A6 is not predicated upon a consideration of the evidence. Moreover, the charge is misleading, in that the homicide may have been an accident, and still the defendant might be guilty of manslaughter in the second degree. Anderson v. State, 18 Ala. App. 429, 93 So. 68.

[13] The evidence being in conflict, the general charge was properly refused.

There are some other exceptions reserved, but these will not likely arise on another trial.

[14, 15] As we view this record, another trial should be a very simple matter of easy ascertainment so far as the rulings of the court are concerned. The specific intent to take life is not essential in a conviction for manslaughter in the second degree. McClanahan v. State, 20 Ala. App. 553, 103 So. 717. If the defendant was at the time of the homicide intentionally driving his car at a rate of speed in excess of the limit as fixed by law, and in such manner as to constitute such act a misdemeanor under the statute, or was driving his car within the speed limit, in such a reckless manner as to constitute gross negligence, and as a result of such unlawful act he unintentionally killed deceased, such act would be manslaughter in the second degree, notwithstanding the fact that at the time deceased was in the act of violating two city ordinances governing the crossing of city streets by pedestrians. This view of the law was expressed by the writer in an opinion concurring with the presiding judge in his conclusion to a reversal in Crisp v. State, 109 So. 282,[1] and supported by Sawyer v. State, 20 Ala. App. 504, 103 So. 309; McBride v. State, 20 Ala. App. 434, 102 So. 728; State v. Massey, 20 Ala. App. 56, 100 So. 625; Pippin v. State, 19 Ala. App. 384, 97 So. 615; 1 Mayfield, Dig. p. 639, subds. 7 and 8, 29 C. J. 1149, par. 136.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.

