### THORNTON v. STATE. (7 Div. 192.)

(Court of Appeals of Alabama. April 6, 1926.)

1. **Criminal law ⬤═450—Answer, that defendant charged with manslaughter could not have done anything to avoid hitting deceased, held properly excluded as stating a conclusion, though question was not objected to.**

Witness' answer, without objection, to question, that defendant charged with manslaughter could have done nothing to prevent striking boy stepping in front of his car, *held* properly excluded as conclusion.

2. **Criminal law ⬤═696(5)—Striking of illegal answer to illegal question held not error, though question was not objected to.**

Though state failed to object to illegal question, it is not error for court to strike illegal answer, since a party cannot take advantage of his own wrong.

3. **Criminal law ⬤═829(3)—Requested instruction that unlawful speed of defendant's car, if any, must be direct and proximate cause of boy's death, held properly refused as misleading, where matter was otherwise covered in charges given (Code 1923, § 6267).**

In prosecution for manslaughter, requested instruction that unlawful speed of car, if any, must be direct and proximate cause of boy's death, *held* properly refused as misleading, where court correctly charged on all facts in case including speed, width and use of road as defined by Code 1923, § 6267, and similar contention was embraced in another charge given at defendant's request.

4. **Homicide ⬤═78.**

Contributory negligence on part of deceased is no defense to prosecution for manslaughter in second degree.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Roosevelt Thornton was convicted of manslaughter in the second decree, and he appeals. Affirmed.

Charges 2 and 6, refused to defendant, are as follows:

"(2) In weighing the testimony as to whether or not defendant was guilty of negligence in the operation of the car, it would be your duty to consider, in connection with all the other testimony, the fact that defendant had the right to assume that Mr. Sims would exercise ordinary care for his own protection."

"(6) I charge you, gentlemen of the jury, that any unlawful speed of the car, if there was such unlawful speed, must be the direct and proximate cause of the death of the boy."

Culli, Hunt & Culli, of Gadsden, for appellant.

When the answer to a question is responsive, and the testimony is pertinent to the issue, it is error to exclude upon motion the said answer, when no objection was made to the question. McLaughlin v. Beyer, 61 So. 62, 181 Ala. 437; Farabee v. Wade, 76 So. 941, 200 Ala. 583. Charges 2 and 6 should have been given. Adler v. Martin, 59 So. 597, 179 Ala. 97.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Charges 2 and 6 were properly refused. Anderson v. State, 93 So. 68, 18 Ala. App. 429; Traylor v. State, 101 So. 532, 20 Ala. App. 262; Pippin v. State, 97 So. 615, 19 Ala. App. 384. There was no error in excluding the answer, in the form of a conclusion, given by witness Green.

SAMFORD, J. There are but two propositions presented by appellant's brief, and we may say that after a careful examination of the record these two are the only questions of merit.

[1, 2] The defendant's witness Green, after testifying as to his presence and as to the whole transaction, was asked:

"What, if anything, could the defendant have done to prevent the car striking the boy when he suddenly stepped in front of the car?"

This question was not objected to, and the witness answered: "He could not have done anything." On motion of the state this answer was excluded, and this action is urged as error. Clearly, the answer was a conclusion, and for that reason should have been excluded. The two cases cited by the appellant, and many others, hold that where a question is not objected to and the answer is responsive, the court will not be put in error for refusing a motion to exclude. This upon the well-established principle that a party will not be permitted to speculate on the rulings of the court. There is another rule equally well settled to the effect that a party may not take advantage of its own wrong. Admittedly the question asked was illegal and therefore wrongful for defendant to have asked it, that it was answered would not cure

the wrong, and the court properly excluded the illegal answer.

[3] Refused charge 6 was misleading. The court in its oral charge correctly defined manslaughter in the second degree as applicable to the facts in this case, which not only included the speed at which defendant's car was being driven, but the width of the road, traffic and use of the highway as defined by section 6267 of the Code of 1923, and also there entered into the inquiry the question of recklessness, the condition of the brakes, and the equipment of the car, etc. Every principle of law to which defendant was entitled relative to the contention embraced in charge 6 was embraced in charge given at the request of defendant as follows:

"I charge you, gentlemen of the jury, that before you would be authorized to convict the defendant in this case, you must be satisfied from the evidence, beyond a ·reasonable doubt, that the death of the deceased was proximately caused by the reckless or careless manner in which the defendant operated his automobile at the time the ' deceased was struck by said automobile."

[4] Contributory negligence on the part of deceased is no defense to a prosecution for manslaughter in the second degree. McBride v. State, 102 So. 728, 20 Ala. App. 434; Anderson v. State, 93 So. 68, 18 Ala. App. 429; Jones v. State, 109 So. 189, ante, p. 234.

We find no error in this record, and the judgment is affirmed.

Affirmed.