Appellant was sentenced to imprisonment for life pursuant to the Habitual Felony Offender Act. Due notice was given that the State would proceed under the Act after his conviction in the instant case. A hearing was conducted in which it was shown that appellant had been previously convicted of three felonies. The felony in the instant case, attempt to commit rape in the first degree, is a Class B felony, Alabama Criminal Code §13A-4-2 (d)(2). "On conviction of a Class B felony" the defendant "must be punished for life in the penitentiary" if he has been previously convicted of any three felonies and, after such conviction, has committed another felony. Alabama Criminal Code § 13A-5-9 (c)(2). No issue raised by appellant pertains to the extent of defendant's punishment, and we find no basis for such an issue.
One method of committing rape in the first degree is thus defined by the Alabama Criminal Code:
"§ 13A-6-61. Rape in the first degree.
 "(a) A male commits the crime of rape in the first degree if;
 "(1) He engages in sexual intercourse with a female by forcible compulsion. . . ."
In reference to an issue raised by appellant questioning the sufficiency of the evidence to sustain the charge of attempted rape in the first degree, we summarize the evidence directly bearing on that issue. The alleged victim testified that during twilight some time between 4:00 A.M. and 5:00 A.M. April 25, 1981, the defendant entered the home of the victim, soon after he had knocked on a window thereof and was told by her to leave, went to her bedroom while she was on her bed, got on top of her and pulled at her underwear. She said she attempted to pull his hair, "to make him get off of me, but he wouldn't" and that he choked her while on the bed and thereafter left the house without having consummated an act of sexual intercourse. At the time she was a seventeen-year-old female living in a house with her mother, her baby, her brother and a man by the first name of Tom, whose status as one of the same household was not precisely shown by the evidence. An investigator for the Montgomery Police Department testified that on the evening of April 25, 1981, he obtained a signed typed statement from the defendant, which included the following:
 "On 4/24 of '81, at about 8:50 P.M., I took a taxi to the Foxy Lady's Social Club which is on Maxwell Air Force Base. I was by myself and I stayed until it closed. That was about one A.M. or two A.M. A fellow named [name omitted at this time], carried me to the corner of Oak and Jeff Davis and dropped me off. The *Page 1357 
next thing I remember is that me and another fellow got together and drank some wine. The next thing I remember was getting up this morning. I was in the house that is about three houses down from my mother's. I heard the fellows that were at the house ask me — wait a second. The fellows that were at the house I woke up in asked me how I got the scratches on my face and I did not know.
 "Question: Do you remember seeing [sic] Do you remember going to [the victim's] house?
"Answer: No.
 "Question: How often do you go to [where the victim lived]?
 "Answer: Lately I've been going around there every day.
 "Question: What would you do while you were over there?
"Answer: Just talk and drink."
The defendant had entered a plea of not guilty and a plea of not guilty by reason of insanity. The court submitted to the jury the issue raised by each of said pleas and included in its oral charge the question whether defendant was so intoxicated at the time of the alleged offense that he didn't have the specific intent to commit the crime of rape.
The evidence as a whole is strong, and clearly and understandably convincing to the jury, that defendant did that which the victim said he did while she was lying in her bed. The extent of any intoxication of defendant and whether or not he intended to rape the alleged victim became issues for the triers of fact, the jury, to determine. The evidence was sufficient to sustain their verdict, even without consideration of a previous threat by defendant that he was going "to rape" the alleged victim, which appellant insists was inadmissible evidence against him, and which insistence we now consider.
Appellant correctly states in his brief that on "two occasions during the course of the trial, the state introduced evidence of a prior statement attributed to the appellant in which he said he was going to rape" the alleged victim. Appellee seriously questions the preservation by defendant of the reviewability of the action of the trial court in allowing such evidence to be introduced, but we need make no determination of that question at this time for the reason that we think it clear that the evidence was admissible. Appellant relies chiefly upon Davis v. State, 21 Ala. App. 231,106 So. 874 (1926), in which the trial court was reversed for the admission in evidence over the objection of defendant, of a statement made by defendant the day before the alleged commission of the crime of an assault with intent to rape, of which he was convicted in the case then under review. Appellant quotes from the opinion in the case, in which it is stated at106 So. 875:
 "The remark attributed to defendant on the day previous to the alleged assault, expressive of a sensual desire with respect to prosecutrix, while reprehensible in the extreme, was not of the res gestae, and is not admissible in evidence, either as an admission of guilt or as a threat. Powe v. State, 19 Ala. App. 215, 96 So. 370. On account of its character its admission in evidence was injurious to defendant's rights."
We do not agree with appellant that, "The facts there [Davisv. State, supra] and before this Court are the same." The statement of the defendant in Davis v. State, supra, was not a threat; in the instant case it was a threat. According to Gamble, McElroy's Alabama Evidence, § 44.02 (1) (1977):
 "In a charge of homicide or assault, a threat by the accused to kill or injure the victim is admissible as tending to show a design in the accused to commit the crime and, hence, as tending to show his commission of the crime. Some courts have held such threats admissible as tending to show malice or intent on the part of the *Page 1358 
accused. The remoteness of the threat by the accused would appear to have no effect upon its admissibility. The threat is admitted no matter how much time has elapsed between it and the homicide or assault."
We find no error in any of the actions of the trial court in admitting evidence of defendant's threatening words or conduct directed at the alleged victim.
The only other issue raised by appellant challenges the constitutionality of Alabama Criminal Code 13A-6-61 by reason of its claimed "male only gender based discrimination." We again reject such contention for the reasons stated in a thorough discussion of the question by Judge Tyson in Smith v.State, Ala.Cr.App., 409 So.2d 455 (1982), in which it was definitely held at 409 So.2d 461:
 "It is our decision that § 13A-6-61, Code of Alabama 1975, is not unconstitutional due to its alleged discriminatory treatment of males because the punishment prescribed therein was reasonably designed to deter and control a specific and serious problem of legitimate concern to the citizens of this state."
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.