(84 South. 424)

WILLIAMS v. STATE. (6 Div. 591.)

(Court of Appeals of Alabama. Dec. 16, 1919.)

1. WITNESSES ⬅242 — LEADING QUESTIONS ARE PROPER TO REFRESH WITNESS' RECOLLECTION.

A witness may be asked leading questions by the party offering him, as to statements made different from his testimony then being given, not for the purpose of impeachment, but in order to refresh his recollection.

2. CRIMINAL LAW ⬅448(12)—EVIDENCE AS TO DEFENDANT'S REMARKS AFTER RUNNING OVER A CHILD HELD INADMISSIBLE AS CONCLUSION.

In a murder prosecution, based on the killing of a child by reckless driving of automobile, it was error to permit a witness to testify that after the killing of the child defendant made a statement about cutting the lights off on his car and referring to it as a "smart trick" and "bragged about it"; such answer being a conclusion as to meaning of defendant's statement.

3. CRIMINAL LAW ⬅1169(9)—ERROR IN ADMITTING CONCLUSION OF WITNESS HELD CURED BY ELICITING FACTS UPON WHICH IT WAS BASED.

In a murder prosecution, based on negligently driving an automobile over a child, error in admitting testimony that defendant bragged about turning off the lights on his car and referred to it as a "smart trick" *held* cured by eliciting the actual statement made by defendant.

4. HOMICIDE ⬅174(7) — EVIDENCE OF DEFENDANT'S FLIGHT AFTER KILLING CHILD WITH AUTOMOBILE RECKLESSLY DRIVEN HELD ADMISSIBLE.

Where defendant was charged with murder for recklessly running over a child with his automobile, it was competent to prove that immediately after striking the child defendant speeded up the car, as tending to prove flight.

5. HOMICIDE ⬅174(8)—DEFENDANT'S STATEMENT THAT THE POLICE WERE AFTER HIM HELD ADMISSIBLE TO SHOW CONSCIOUSNESS OF GUILT.

Where defendant was charged with murder for recklessly driving over and killing a child with his automobile, it was competent for the state to prove that shortly after he struck the child, and before the arrest, defendant told his brother that "the cops were after him," as tending to show a consciousness of guilt.

6. HOMICIDE ⬅169(9) — THAT DEFENDANT, CHARGED WITH RUNNING OVER CHILD WITH AUTOMOBILE, WAS CAUTIONED AGAINST RECKLESS DRIVING, HELD ADMISSIBLE.

Where defendant was charged with murder for recklessly running over and killing a child with his automobile, it was competent for the state to prove that within six or seven city blocks defendant was cautioned by inmates of the car against fast driving, as tending to show a reckless disregard for human life.

7. HOMICIDE ⬅171(1)—EVIDENCE OF RECKLESSNESS HELD ADMISSIBLE IN PROSECUTION FOR RUNNING OVER CHILD WITH AUTOMOBILE.

Where defendant was charged with murder for running over and killing a child with his automobile, that defendant was driving his car on a frequented thoroughfare in a city at a rapid speed, and that a woman sitting on the seat with him had her arms around his neck, was competent as tending to show recklessness.

8. WITNESSES ⬅380(2) — CONTRARY STATEMENTS HELD ADMISSIBLE FOR PURPOSE OF IMPEACHING TESTIMONY OF DEFENDANT IN MURDER PROSECUTION.

In a prosecution for murder for recklessly running over and killing a child with an automobile, it was competent to prove statements by defendant out of court, relative and material to the crime charged, and contrary to the statements he was then making, for the purpose of impeaching his testimony.

9. HOMICIDE ⬅174(8)—DENIAL THAT DEFENDANT WAS PRESENT HELD COMPETENT TO PROVE GUILT.

Where defendant was charged with murder for recklessly running over and killing a child with his automobile, denials by defendant that he was present at the time the crime was committed were admissible as tending to prove guilt.

10. HOMICIDE ⬅255(3)—EVIDENCE HELD TO SUPPORT VERDICT OF MANSLAUGHTER FOR DRIVING OVER AND KILLING CHILD WITH AUTOMOBILE.

The driving of a six-cylinder, seven-passenger automobile along a greatly frequented thoroughfare at night, and at a rate of speed from 45 to 50 miles per hour, with a woman's arms around the driver's neck, is the greatest kind of negligence, evidencing a wanton disregard of human life that will support a verdict of manslaughter in the first degree.

Appeal from Circuit Court, Jefferson County; F. Loyd Tate, Judge.

Grover Williams was indicted for murder in the second degree in that he ran over and killed a child while recklessly driving an auto at a rapid rate of speed on a populous thoroughfare in Birmingham. He was convicted of manslaughter, and he appealed. Affirmed.

The facts sufficiently appear. A. L. Aldrich was introduced by the state as a witness, and, after having testified, he was asked by the state if he had not made a statement on August 22 in the presence of certain persons, and replied, "Yes, sir." The state then asked, "To refresh your recollection, did you not then say that in your judgment the automobile was running 60 or 65 miles an hour when it hit the child?" After some quibbling, the witness was permitted to answer, "Yes, sir." He was asked further to refresh his recollection whether or not Williams made any state-

ment about cutting the lights off himself as a smart trick and bragging about it or anything of that kind. The court permitted this question to be asked and answered,. and later on the witness stated that Williams said it was a good thing that he cut the lights out so that they could not get the number of his ·car.

The other exceptions sufficiently appear.

No counsel marked for appellant.

J. Q. Smith, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. The only exceptions reserv-·ed are to the rulings of the court on the admissibility of evidence, and no brief has come to the hands of the court.

[1] It has many times been held by this court that .a witness may be asked leading ·questions, by the party offering him, as to statements made, different from his testimony then being given, not for the purpose of impeachment, but in order to refresh the recollection of the witness, and the court did not err in following this rule during the examination of the state's witness Aldrich.

[2, 3] The court committed error in permitting the witness Aldrich to testify, over the objection of defendant, that after the killing of the child defendant made a statement about cutting the lights off on his car and referred to it as a "smart trick" and "bragged about it." The answer was a conclusion of the witness as to the meaning of a statement made by the defendant. The statement itself was the best evidence of what the defendant said, from which the jury might draw the ·conclusions. But this error was immediately cured by the solicitor, who by a proper question called for and the witness gave in response thereto the statement claimed to have been made.

[4] It was also competent to prove that immediately after striking the child with his ·car defendant speeded up the car, as tending to prove flight.

[5] It was competent for the state to prove that shortly after he struck the child and before any arrest had been made, the defendant told his brother that the "cops were after him" (defendant), as tending to show a consciousness of guilt.

[6] It was also competent ·for the state to prove that within six or seven city blocks, while the defendant was driving towards the place where he killed the child by recklessly driving his car over it, defendant was cautioned by inmates of the car against fast driving, as tending to show a reckless disregard for human life.

[7] It was also competent for the state to prove that just before and at the time the defendant killed the child by driving his automobile over it defendant was driving his car on a frequented thoroughfare in the city of Birmingham at a rapid speed, and that at the time the woman sitting on the seat with defendant "had her arms around his neck," as tending to show recklessness.

[8, 9] It was also competent for the state to prove statements made by defendant out of court, relating and material to the crime charged, contrary to the statements he was then making, for the purpose of impeaching his testimony, and denials by the defendant that he was present at the time the crime was committed, as tending to prove guilt.

[10] The driving of a six-cylinder, seven-passenger automobile along a greatly frequented thoroughfare at night, and at a rate of speed from 45 to 50 miles per hour, with a woman's arms around the neck of the driver, is the greatest kind of negligence, evidencing a wanton disregard of. human life that will support a verdict of manslaughter.

There is no error in the record, and the judgment is affirmed.

Affirmed.