(106 So. 510)

### RHEARDON v. STATE. (4 Div. 29.)

(Court of Appeals of Alabama. June 30, 1925. Rehearing Granted Dec. 8, 1925.)

**I. Criminal law ⊚═1167(1)—Indictment and information ⊚═14—Use at trial of certified copy of indictment, without showing the necessity therefor, held reversible error.**

Use at trial of certified copy of indictment charging manufacture of whisky and possession of still, without showing the necessity therefor, within Code 1923, § 4553, *held* error under Const. 1901, § 7, and to require reversal.

**2. Criminal law ⊚═488—Testimony held statement of collective fact and not testimony of independent, comparative experiment.**

In prosecution for manufacturing whisky and for possession of still, testimony of witness that parts of a still found in accused's home were carried to a certain town and there assembled, and that all parts fitted, making a complete still suitable for manufacturing whisky, *held* statement of collective fact and not testimony as to an independent, comparative experiment.

**3. Criminal law ⊚═531(3)—Answer of witness held sufficiently responsive to question to constitute predicate for introduction of confession.**

In prosecution for manufacturing whisky and for possession of still, where solicitor asked witness whether accused made any statement to him "about it," and, if so, whether witness offered accused any inducement or reward or made any threat against him to obtain a statement, about it, "you, or any one else there in your, or his, presence," witness' negative answer, that no threat, offer, or reward was made and that accused told witness that he (accused) "had made some of it for the first time, and he told me that he had to have it," *held* sufficiently responsive to the question so as to constitute a predicate for the introduction of the confession.

**4. Criminal law ⊚═516—Statement of witness, following his testimony as to confession, held not to constitute its admission reversible error.**

In a prosecution for manufacturing whisky and for possession of still, where witness testified that no threat, inducement, or reward was made to accused, then the latter made a statement in the nature of a confession, witness' subsequent response, stating that "I think that he said the doctors prescribed it for him," was a part of the confession, and the expression "I think" did not constitute its admission reversible error.

**5. Criminal law ⊚═516—Confession at time of raid held admissible as evidently relating to possession and use of still then in accused's possession.**

In prosecution for manufacture of whisky and possession of still, a confession made at time of raid, and while all the parties including accused were present, *held* admissible as evidently relating to still then in accused's possession.

**6. Criminal law ⊚═363—Everything said and done at time of raid was admissible as part of res gestæ.**

Everything said and done at time of raid was admissible as part of res gestæ.

**7. Criminal law ⊚═723(1)—Remarks of solicitor to jury as to demoralizing effect of intoxicating liquor upon young men and women held not ground for reversal.**

In prosecution for manufacture of whisky and possession of still, remarks of solicitor to jury that, "the making of this stuff is the cause of the falling and destruction of many young fellows in this county to-day," and another statement as to the demoralizing effects of liquor upon young men and young women, *held* not ground for reversal.

**8. Intoxicating liquors ⊚═238(1)—Affirmative charges for accused held properly refused.**

In prosecution for manufacturing whisky and for possession of still, affirmative charges for accused *held* properly refused.

**9. Criminal law ⊚═829(1)—Refusal to give requested charges substantially covered in oral charge held not ground for reversal.**

Refusal to give requested charges substantially covered in oral charge *held* not ground for reversal.

**10. Criminal law ⊚═822(1)—Court of Appeals must construe expression in charge with whole charge.**

The Court of Appeals must construe an expression in a charge with the whole charge.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

Pleas Rheardon was convicted of manufacturing whisky and possessing a still, and he appeals. Reversed and remanded on rehearing.

On redirect examination of state's witness Watkins, he was asked: "I will ask you if he (defendant) made any statement to you about it?" Before the court ruled on defendant's objection to this question, the solicitor asked the witness: "If he made any statement, did you offer him any inducement, or reward, or make any threat against him to get him to make the statement about it, you, or any one else there in your, or his, presence?" Over defendant's objection, the witness answered: "No, sir; we didn't make him any threat, or any offer or no reward, and no threat of any kind. He told me that he had made some of it for his first time, and he told me that he had to have it." Defendant's motion to exclude this answer was overruled, and the solicitor propounded the following question: "Did he say anything else about it in that connection?" The witness answered: "I think that he said the doctors prescribed it for him."

M. S. Carmichael, of Montgomery, and M. A. Owen, of Elba, for appellant.

Defendant's motion to strike or quash the copy of the indictment upon which the defendant was put to trial should have been sustained. Wesley v. State, 52 Ala. 182; Sparrenberger v. State, 53 Ala. 481, 25 Am. Rep. 643; Collins v. State, 19 Ala. App. 516, 98 So. 488; Id., 19 Ala. App. 517, 98 So. 488. It was not permissible for state's witness to testify to tests made with the still parts outside the court and away from the defendant. Tesney v. State, 77 Ala. 33; Evans v. State, 109 Ala. 11, 19 So. 535. Confessions are prima facie inadmissible. Carr v. State, 17 Ala. App. 539, 85 So. 852. It is not proper for a witness to qualify his testimony with "I think." Watson v. State, 8 Ala. App. 414, 62 So. 997. Argument of counsel not based upon the evidence should be excluded. Coleman v. State, 87 Ala. 14, 6 So. 290; Thomas v. State, 18 Ala. App. 268, 90 So. 878; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 So. 80, Ann. Cas. 1916A, 543; Dollar v. State, 99 Ala. 236, 13 So. 575. The remarks of the court, in oral charge, were objectionable as bearing upon the effect of the testimony and as invading the province of the jury. Griffin v. State, 90 Ala. 596, 8 So. 670; Lamar v. King, 168 Ala. 285, 53 So. 279; Jones v. State, 120 Ala. 383, 25 So. 25; White v. State, 111 Ala. 92, 21 So. 330.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] Motion is made by defendant to strike the copy of the indictment on the ground that it does not meet the requirements of section 4553 of the Code of 1923. It does not appear from the record that the original indictment, recorded as required by law, has been lost, destroyed, or so mutilated as to be illegible, so as to authorize an order by the trial judge that the clerk make and certify a copy thereof from the record. Neither does it appear that the court gave any direction for a substitution. Under section 7 of the Constitution of 1901, the defendant may not be accused, except in cases ascertained by law and according to the form which the same has prescribed. In the instant case the accusation was the original indictment to which the defendant was entitled on his trial, unless it was shown to the court that such original was lost, misplaced, or destroyed, and the court directed the clerk to furnish a copy. According to the record this was not done. For this error the judgment is reversed.

[2] State's witness Watkins, after testifying as to his knowledge of such things, was permitted to say that the parts of the still found at defendant's home were carried to Enterprise, the county seat, and there assembled, and that all parts fit, making a complete still suitable for manufacturing whisky. This was not the testimony as to an independent, comparative experiment, such as was the case of Tesney v. State, 77 Ala. 33, and Evans v. State, 109 Ala. 11, 19 So. 535, but was the statement of a collective fact.

[3, 4] A predicate for the introduction of a confession made by defendant was properly laid. Of course, we might by "splitting a hair" hold that the answer of the witness Watkins was not fully responsive to the question, calling for the predicate, but the question was full and broad enough to cover every requirement for the predicate, and the first part of the answer, "No, sir," is referable to the entire question. The subsequent statement of the witness, "I think that he said the doctors prescribed it for him," was but a part of the confession, and the expression, "I think," would not constitute its admission reversible error.

[5, 6] Motion was made to exclude the foregoing confession because the confession did not state the time and place at which the defendant had made whisky. The confession and statement was made at the time of the raid and while all the parties, including the defendant, were there present with the still and evidently related to the possession and use of the still then in defendant's possession. Everything said and done at that time was admissible as part of the res gestæ.

[7] The solicitor in his closing remarks to the jury said, "The making of this stuff is the cause of the falling and destruction of many young fellows in this county to-day," and another statement to the effect that intoxicating liquor is destroying young men and young women and is the destruction of the country. These statements are simply opinions based upon common knowledge and are not sufficient to warrant a reversal of the case.

[8, 9] The refused charges are not numbered, but we may say that the affirmative charges were properly refused and the same principles of law embodied in the other refused charges were substantially covered in the oral charge of the court.

[10] The defendant excepted to an expression of the trial judge in his general charge to the jury: "You cannot pardon him on account of his age." The excerpt when taken alone might be said to be a charge upon the effect of the evidence, but when taken and considered together with the whole charge of the court, which we are bound to do, the expression is free from error.

Affirmed.

On Rehearing.

Former judgment of affirmance set aside. Opinion amended. The judgment of the circuit court is reversed and the cause is remanded.

Reversed and remanded.