(111 So. 191)

**HAMMELL v. STATE. (6 Div. 153.)**

(Court of Appeals of Alabama. Jan. 18, 1927.)

**1. Homicide ⬦⟹74—Reckless driving of automobile, causing another's death, is "manslaughter" (Code 1923, §§ 3328, 6267).**

Under Code 1923, §§ 3328, 6267, a defendant, whose reckless driving of automobile is proximate cause of death of another, is guilty of "manslaughter."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Manslaughter.]

**2. Homicide ⬦⟹78—If unlawful act unintentionally causes death of another, offense is "manslaughter in second degree."**

If act, causing death of another, was unlawful, either at common law or by statute, but the result was unintentional, defendant is guilty only of "manslaughter in second degree."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Manslaughter in Second Degree.]

**3. Homicide ⬦⟹77—"Manslaughter in first degree" committed where automobile is intentionally driven against deceased or so recklessly driven as to be manifestly dangerous (Code 1923, §§ 3328, 6267).**

Under Code 1923, §§ 3328, 6267, driver of automobile striking and killing another is guilty of "manslaughter in the first degree" only if automobile was intentionally driven against deceased or so recklessly and carelessly driven as to have been manifestly dangerous to human life.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Manslaughter in First Degree.]

**4. Criminal law ⬦⟹811(2), 815(1)—In prosecution of automobilist for murder of pedestrian, requested charges held to ignore evidence of reckless driving and give undue prominence to evidence that defendant was blinded by lights.**

In prosecution of automobile driver for murder of pedestrian, requested charges held properly refused as ignoring evidence tending to prove reckless driving of automobile and as giving undue prominence to defendant's evidence that he was blinded by lights of an approaching car.

**5. Criminal law ⬦⟹763, 764(3, 4)—Requested charges that there was no evidence defendant charged with homicide was unlawfully speeding, held to invade jury's province.**

In prosecution of automobile driver for murder of pedestrian, requested charges, that there was no evidence that defendant was violating any speed laws, and that jury should acquit unless they were satisfied that death of pedestrian was necessary result of defendant's operating automobile at an unlawful speed, held properly denied as invading province of jury.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Will Hammell was convicted of manslaughter in the first decree, and he appeals. Affirmed.

The following charges were refused to defendant:

"(27) The court charges the jury that, if from all the evidence in this case their minds are left in that state that they cannot say they are satisfied beyond a reasonable doubt as to whether the death of Arthur Blanton was the result of or caused by the defendant being unable to see Arthur Blanton on account of the light made by the car that was meeting the defendant, then the jury should return a verdict of not guilty.

"(28) The court charges the jury that, if from all the evidence in this case their minds are left in that state that they cannot say they are satisfied beyond a reasonable doubt as to whether the death of Arthur Blanton was the result of or caused by the defendant being unable to see Arthur Blanton on account of the light made by the car that was meeting the defendant, then the jury cannot find the defendant guilty of murder in the second degree.

"(29) The court charges the jury that, if from all the evidence in this case their minds

are left in that state that they cannot say that they are satisfied beyond a reasonable doubt as to whether the death of Arthur Blanton was the result of or caused by the defendant being unable to see Arthur Blanton on account of the light made by the car that was meeting the defendant, then the jury cannot find the defendant guilty of manslaughter in the first degree.

"(30) The court charges the jury that there is no evidence in this case that the defendant was violating any law against speeding at the time Arthur Blanton was killed.

"(31) The court charges the jury that, unless they are satisfied beyond a reasonable doubt that the death of Arthur Blanton was the natural or necessary result of the defendant operating his automobile at an unlawful rate of speed, the jury should return a verdict in favor of the defendant."

The following charge was given for defendant:

"(12) Unless the jury are satisfied beyond a reasonable doubt from the evidence that the death of Arthur Blanton was the natural or necessary result of the defendant operating his automobile at an unlawful rate of speed, or because of some other unlawful act on the part of the defendant in the operating of his automobile, then the jury should return a verdict in favor of the defendant."

W. C. Davis and R. A. Cooner, both of Jasper, for appellant.

While a positive intention to kill deceased is not an essential element of manslaughter in the first degree, yet it is essential that defendant voluntarily set in motion unlawful force from which ordinarily, in the usual course of events, death or great bodily harm may result. Fowler v. State. 161 Ala. 1, 49 So. 788; Reynolds v. State, 154 Ala. 17, 45 So. 894; Dixon v. State, 104 Miss. 410, 61 So. 423, 45 L. R. A. (N. S.) 219. It could not be said as a matter of fact that the operation of the car, under the circumstances disclosed by the evidence, would show such intent or such act of violence. Lewis v. State, 96 Ala. 10, 11 So. 259, 38 Am. St. Rep. 75; Harrington v. State, 83 Ala. 13, 3 So. 425. In order for defendant's act in driving the car to be unlawful, he must have driven it recklessly or so as to endanger life or limb. Code 1923, § 3328; State v. Goetz, 83 Conn. 437, 76 A. 1000, 30 L. R. A. (N. S.) 458. If it be conceded that defendant was violating the speed regulation, without more, he could not be convicted. Crisp v. State, ante, p. 449, 109 So. 282.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

Defendant cannot complain of the refusal of charges relating to murder. Harris v. State, 19 Ala. App. 575, 99 So. 320. Charges 27 and 29 singled out parts of the evidence, and were well refused. Cleveland v. State, 20 Ala. App. 426, 103 So. 707. Charge 30, a no evidence charge, was correctly refused. Cleveland v. State, supra. Charge 31 is covered by given charge 12. Lakey v. State, 20 Ala. App. 78, 101 So. 537. The oral charge must be taken as a whole, and, when so taken, is correct. Holladay v. State, 20 Ala. App. 76, 101 So. 86; Code 1923, § 3328; Pippin v. State, 19 Ala. App. 384, 97 So. 615; Crisp v. State (Ala. Sup.) 109 So. 287.

SAMFORD, J. The indictment charged murder. The verdict of the jury acquitted the defendant of the murder charge and found him guilty of manslaughter in the first degree. This finding eliminates from this appeal a consideration of those questions affecting the charge of murder.

The defendant, while driving an automobile along the public road, ran said automobile against Arthur Blanton, a pedestrian on the road, inflicting injuries from which he died. The record contains the testimony of many witnesses, but practically all of the testimony is cumulative, tending to establish a few simple facts from which the jury should make up their verdict.

The testimony for the state, after proof of the homicide, tended to show that the defendant was driving his automobile along the highway, and at a place where people were congregated, in an unlawful and reckless manner, and in violation of section 6267 of the Code of 1923, which reads as follows:

"No person shall operate a motor vehicle upon the public highways of this state recklessly, or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highways, or so as to endanger property, or the life or limb of any person. A rate of speed in excess of thirty miles an hour for a distance of a quarter of a mile shall be presumed evidence of traveling at a rate of speed which is not careful and prudent."

The evidence for the defendant was to the contrary.

By this section of the Code the Legislature has placed in the hands of the juries of the state the duty of ascertaining from the facts in each particular case, whether an automobile is being driven recklessly. The prohibition fixed by the statute is against reckless driving, determinable not alone by speed, but by the surrounding circumstances, manner of driving, mental and physical condition of the driver, etc. This fact, under the evidence, was a question for the jury and was submitted to them under instructions from the court. The penalty for reckless driving is fixed by section 3328 of the Code of 1923.

[1] The first question after proof of the corpus delicti is; Was the defendant at the time of the killing guilty of reckless driving? If so, and as a proximate result deceased received injuries from which he died, the crime was manslaughter. Crisp v. State (Ala. Sup.) 109 So. 287.

[2] If the act causing the death of young Blanton was unlawful either at common law

or by statute, and the result was unintentional, the defendant would only be guilty of manslaughter in the second degree. Crisp v. State, supra; Mitchell v. State, 60 Ala. 33; Sawyer v. State, 20 Ala. App. 504, 103 So. 309; McBride v. State, 20 Ala. App. 434, 102 So. 728.

[3] To constitute manslaughter in the first degree the automobile must have been intentionally ·driven against deceased, or so recklessly and carelessly driven as to have been manifestly dangerous to human life. 29 Corpus Juris, 1128 (116).

If the blow struck with the automobile being driven by defendant was intentional, or the automobile was being so driven as to evidence wantonness or a reckless disregard of human life, the killing would be ·manslaughter in the first· degree, or, if the jury should infer malice, murder. Fowler v. State, 161 Ala. 1, 49 So. 788; Lewis v. State, 96 Ala. 6, 11 So. 259, 38 Am. St. Rep. 75.

Was the defendant violating the law in driving the automobile in violation of the statute? This was a question for' the jury under the evidence. Was he driving the automobile in violation of law 'and that so recklessly and wantonly as to endanger human life, taking into consideration all of the surrounding circumstances? This too, under the evidence, was a question for the jury.

[4] Refused charges 27, 28, and 29 ignore that part of the evidence tending to prove reckless driving of the automobile and gives undue prominence to defendant's evidence that he was blinded by the lights from an approaching car. Cleveland v. State, 20 Ala. App. 426, 103 So. 707.

[5] Refused charge 30 is invasive of the province of the jury.

Refused charge 31 is also invasive of the province of the jury. The rate of speed at which an automobile is being run does not always determine whether it is being driven in violation of law or in a reckless manner in disregard of human life. The true rule was given at the request of defendant in given charge 12.

When taken and considered as a whole, 'the oral charge of the court is without error.

We find no error in the record, and the judgment is affirmed.

Affirmed.