34 So.2d 483

## JONES v. STATE.

### 6 Div. 368.

Court of Appeals of Alabama.
Feb. 24, 1948.

Rehearing Stricken March 16, 1948.

Liston C. Bell, of Tuscaloosa, for appellant.

A. A. Carmichael, Atty. Gen., and Richard S. Brooks, Asst. Atty. Gen., for the State.

CARR, Judge.

The defendant below was indicted, tried, and convicted for manslaughter in the first degree. His punishment was fixed at ten years in the State penitentiary.

Without dispute in the evidence, about 2 o'clock p. m. the appellant was driving a one and one-half ton delivery truck, traveling east along 8th Street in the City of Tuscaloosa, Alabama. The deceased was riding a bicycle and going on said street in the same direction. The latter was well to the right of the traveled portion of the street; in fact, he was moving along in the gutter near the curb.

8th Street intersects with 35th Avenue. When the truck approached the intersection indicated, the defendant held out his left hand and made a turn to his right into 35th Avenue. At this place and time a collision occurred between the truck and the bicycle. The deceased, fifteen years of age, was seriously injured and died a few hours later.

The truck was being driven on the occasion without a signal horn and without a mirror which would give reflection to objects to the rear.

The contradiction in the evidence is found, in the main, in the estimated speed of the truck, the point on the street where the truck reached or passed the bicycle before the intersection was reached, and the position of the colliding vehicles at the time of impact.

In the judgment of two of the State's witnesses, who were traveling in the same direction as the truck and a short distance to the back, the rate of speed was from 45 to 60 miles per hour. However, they tes-

tified that this mileage rate was decreased just before making the turn into 35th Avenue. The defendant fixed his rate of speed at thirty-eight miles an hour.

With reference to the other disputed facts, we quote an excerpt from the testimony of one of the State's witnesses to whom we referred just above: "A. When he struck his hand up, he swerved over the center of the road into the left-hand side of the street with all four wheels of his truck on the north side of 8th street coming east; and, then he swung the corner and just as he swung the corner, why the child was right there at the corner of the curb, where the curb makes the corner there and the right front fender of the truck struck just behind the front wheel—between the front wheel and the runningboard—struck the front wheel of the bicycle. That knocked the bicycle around and the hind wheel slid around under the truck. The boy fell and the back end of the bicycle went completely under the truck, between the back of the cab and the back truck wheel. The back wheel caught the child just above the waist-line and his head, his hands and his arms was sticking out from under the truck. The back wheel— the truck was a dual wheel truck—it caught him just above the waist-line.

"Q. Did it run over him? A. It passed completely over him and proceeded on out 35th avenue approximately 50 or 60 feet out 35th avenue.

"Q. Before it stopped? A. Yes, sir."

The other witness gave evidence substantially the same on this point. At least it was similar in explanatory effect and import.

Appellant and a man who was with him in the truck testified in substance that they passed the bicycle about one-half the distance between 35th and 36th Avenues and when the turn was made into 35th Avenue the bicycle ran into the right side of the truck. The implication is that the two vehicles reached the intersection at approximately the same time, but the truck preceded the bicycle a sufficient distance to make the turn and head down 35th Avenue. All of the eyewitnesses stated that the deceased kept his course, so far as his direc-

tion was concerned, up to the time of the impact.

We have delineated the tendencies of the evidence with considerable particularity in order that we may clearly illustrate our discussion of the insistence that the facts in no aspect base sufficient culpability to warrant or sustain a conviction for manslaughter in the first degree.

In approaching this question to determine whether or not the general affirmative charge was due the accused, we are required to take the evidence in its most favorable light for the prosecution.

"Manslaughter, by voluntarily depriving a human being of life, is manslaughter in the first degree; and manslaughter committed under any other circumstances is manslaughter in the second degree." Title 14, Sec. 320, Code 1940.

"In order to constitute manslaughter in the first degree, there must be either a positive intention to kill, or an act of violence from which ordinarily, in the usual course of events, death or great bodily injury may be consequence." Harrington v. State, 83 Ala. 9, 3 So. 425, 428.

"If the defendant in this case so recklessly drove an automobile along the public highway and in such manner as to endanger human life, and death resulted, the act would be manslaughter in the first degree whether the positive intention to kill was proven or not." Reynolds v. State, 24 Ala.App. 249, 134 So. 815, 816.

We are clear to the conclusion that under the evidence in the instant case it became a matter for the jury to determine whether or not the accused was guilty of manslaughter in the first degree. The appellant was not due the general affirmative charge. The following authorities are convincing and in our view controlling. Reynolds v. State, supra; Hammell v. State, 21 Ala.App. 633, 111 So. 191; Graham v. State, 27 Ala.App. 505, 176 So. 382; Rainey v. State, 245 Ala. 458, 17 So.2d 687; Williams v. State, 17 Ala.App. 285, 84 So. 424.

The facts set out will serve to demonstrate that we are not authorized to disturb the action of the court below in de-

nying the motion for a new trial on the stated ground that the verdict was contrary to the great weight of the evidence. Booth v. State, 247 Ala. 600, 25 So.2d 427; Freeman v. State, 30 Ala.App. 99, 1 So.2d 917.

There were some exceptions reserved to the rulings of the court during the time the introduction of evidence was in progress. In brief of appellant's counsel no specific insistence is made that error should be charged here.

■ The witnesses who testified to the speed of the defendant's truck were shown by the proof to be qualified to depose on this matter. Whether or not sufficient qualifications were established addressed itself largely to the discretion of the court. Wilson v. State, 31 Ala.App. 21, 11 So.2d 563; Kozlowski v. State, 248 Ala. 304, 27 So.2d 818.

■ Against the general grounds interposed by the objections, the bicycle on which the deceased was riding was properly allowed in evidence. Jones v. State, 29 Ala.App. 126, 193 So. 179.

■ The diagram of the locale of the streets, avenues, intersections, etc., at and contiguous to the place where the tragedy occurred was drawn by a person who was familiar with the location, and it was shown that the drawing was substantially correct in its depictions. There was no error in permitting its introduction. Jarvis v. State, 138 Ala. 17, 34 So. 1025; Burton v. State, 115 Ala. 1, 22 So. 585.

■ Over his timely objections the court required the appellant to answer that he did not have a "rear mirror" on the truck at the time of the injury to the deceased. This equipment is required by the provisions of Title 36, Sec. 37, Code 1940. The State had a right to show that the accused was not complying with the law in this respect.

■ During the course of argument to the jury both the attorney for the defendant and the solicitor read to the court from certain legal documents. The latter read some section from the current code relating to necessary equipment for motor vehicles and also some "rules of the road."

The court overruled objections of appellant's counsel to this procedure on the part of the solicitor. It appears affirmatively from the record that no point was based on the fact that the sections were read in the presence of the jury, but it was contended that the failure of the accused to observe any of the regulations, to which the attention of the court was then being called, did not in any manner contribute to the injury and death of the deceased. In our view, these were questions which the jury was privileged to determine.

■ In any event, the solicitor was addressing the court, and the applicability of his presentments became a matter for the judge to decide. The jury was required to take the law from the trial court and not the attorneys. If the judge misstated the law in his oral charge, the attorney's redress for correction or review was by an exception to that portion of the charge.

■ Objections were interposed to this statement of the solicitor in his argument to the jury: "It is easy to talk about sympathy, but what we want, Gentlemen of the Jury, is justice. We want you to say by your verdict to this defendant and to any one else interested in the operation of that truck that you can't go busting around the highways of the City of Tuscaloosa without that truck being equipped with a horn and without even knowing whether it is equipped with a horn or not as provided by the laws of the State of Alabama."

The stated grounds of objection appear to be: "We object to that argument. There is no evidence at all that the fact—that the horn had anything to do with the accident."

Title 36, Sec. 36, Code 1940, makes it unlawful for a motor vehicle to be operated on the highways of the State without a horn. Sec. 12(b) of the same Title provides: "The driver of an overtaking motor vehicle not within a business district as herein defined shall give audible warning with his horn or other warning device before passing or attempting to pass a vehicle proceeding in the same direction. Any person violating any of the provisions of this section, shall be guilty of a misdemeanor."

As we have indicated, whether or not a noncompliance with this law was in any way a contributory cause of the death of the deceased was a jury question. The statement of the solicitor found support in the evidence, and if we give the appellant the advantage of grounds not posed we would still hold that the appeal to the jury was within the permissible rule.

The following authorities are indicative of the extent to which this method of argument has been sanctioned by our appellate courts. King v. State, 17 Ala.App. 536, 87 So. 701; Sharp v. State, 193 Ala. 22, 69 So. 122; Lindsey v. State, 17 Ala.App. 670, 88 So. 189; Davidson v. State, 211 Ala. 471, 100 So. 641; Tyler v. State, 210 Ala. 96, 97 So. 573; Arnold v. State, 18 Ala.App. 453, 93 So. 83; Snoddy v. State, 20 Ala.App. 168, 101 So. 303; Frost v. State, 225 Ala. 232, 142 So. 427; Witt v. State, 27 Ala.App. 409, 174 So. 794.

It is claimed also that the following statement of the solicitor was subject to the objections interposed thereto: "Yes, Gentlemen of the Jury, you know from your experience, from what you have seen and from your common sense and what you know that our society is suffering as much today from these accidents, from these careless accidents, from these gross negligent accidents, that almost as many lives are being snuffed out today by that as were killed in the great war."

This argument is within the permissible rule. Lane v. State, 14 Ala.App. 40, 70 So. 982; Rheardon v. State, 21 Ala.App. 188, 106 So. 510.

The court read to the jury a written instruction which was tendered by the appellant. After reading it, he withdrew the charge and so stated to the jury, and also gave his reasons therefor. The charge was a "mere accident" instruction, and its refusal was not error.

We cannot base error on this action of the court, nor can we hold that he misstated the law in his explanation in receding from his first position.

The written charges are not numbered. For convenience of designation we are assigning numbers to the refused charges.

Many of them are general affirmative in form. They were refused without error, as we have attempted to illustrate.

Those we have numbered 1-A, 2-A, 3-A, 4-A, 5-A, 7-A, and 9-A are not hypothesized on the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179; Jones v. State, 209 Ala. 655, 96 So. 867; Minor v. State, 15 Ala.App. 556, 74 So. 98.

Charges 16-A, 17-A, 18-A, and 19-A each gives too much emphasis to only a part of the tendencies of the evidence, and in effect withdraws from the jury their duty to consider all the evidence in the case. Ray v. State, 248 Ala. 425, 27 So.2d 872.

Refused charge numbered 20-A was covered substantially by the oral charge and given written instructions. Title 7, Sec. 273, Code 1940.

Charge 21-A is incomplete.

We do not find in this record any error prejudicial to the appellant. It follows that the judgment of the lower court is ordered affirmed.

Affirmed.