61 So.2d 769

## HARRIS v. STATE.

2 Div. 844.

Court of Appeals of Alabama.

Nov. 25, 1952.

Thos. Seay, Marion, for appellant.

Si Garrett, Atty. Gen., for the State.

CARR, Presiding Judge.

The appellant, Martin Harris, Jr., was convicted of the offense of manslaughter in the first degree and sentenced to two years in the state penitentiary.

Without conflict in the evidence he ran a truck against Rosa Lee Jackson. Death followed in six days.

One insistence urged in brief of appellant's attorney is that the proof does not sustain a judgment of conviction for the offense of manslaughter in the first degree.

The evidence in its most favorable light for the prosecution presents a series of circumstances which impose rather grave culpability on the accused.

The alleged homicide occurred at about four o'clock P.M. At about ten A.M. of this day the appellant and five other persons purchased a gallon of wine from a state liquor store. They consumed this before the collision in question.

Although the defendant was not enrolled as a pupil in the local school, he appeared at the lunch room at about three-thirty P.M.

After being directed to leave by the principal of the school, he started on foot up the public highway. When he had gone a short distance he stopped a young boy who was driving a truck. According to the testimony of this driver, the appellant entered the cab of this vehicle and forced the former, by threats of personal violence, to surrender the privilege of driving the truck. The accused reversed the direction in which he was walking and proceeded at a rapid rate of speed by the school building. At this time school had dismissed and a group of children was standing by the roadside waiting for the bus. After driving the truck down the highway a short distance, the appellant turned around and again proceeded at a rapid rate of speed in the direction of the school building. As he approached, the truck left the road and ran into the group of waiting children. The deceased was fatally injured by the collision.

The appellant denied that he forced the possession of the truck. He testified that the right to drive was given to him voluntarily. He stated that at the time of instant concern he was traveling at a rate of about thirty miles per hour; that the truck ran into a soft portion of the road and this caused him to lose control of the vehicle.

He admitted consuming a portion of the gallon of wine, but he claimed that he was not intoxicated at the time of the alleged homicide.

"Manslaughter, by voluntarily depriving a human being of life, is manslaughter in the first degree; and manslaughter committed under any other circumstances is manslaughter in the second degree." Title 14, Sec. 320, Code 1940.

To sustain a conviction of manslaughter in the first degree the burden was not cast on the prosecution to prove that the defendant intentionally drove the truck against or over the deceased. If the evidence showed, by the required proof, that while driving the vehicle in a wanton and reckless manner with a disregard for human life, he killed the decedent, this would constitute the indicated offense. That is to say, there must be either a positive intention to kill or an act of violence from which ordinarily, in the usual course of events, death or great bodily harm may result. Harrington v. State, 83 Ala. 9, 3 So. 425; Reynolds v. State, 24 Ala.App. 249, 134 So. 815; Jones v. State, 33 Ala.App. 451, 34 So.2d 483.

■ In the case of Rainey v. State, 245 Ala. 458, 17 So.2d 687, 689, the Supreme Court, on certiorari, corrected a statement appearing in the opinion of this court, 31 Ala.App. 271, 17 So.2d 683. We quote:

"We note that in the opinion of the Court of Appeals reference is made to the fact that in wantonness the accused must have actual knowledge that another occupies a position of peril. True, it is sometimes so stated as in the cases they cite, where other aspects of wantonness were not involved. Copeland v. Cent[ral] of G[eorgi]a Ry. Co., 213 Ala. 620, 105 So. 809, and in Pratt v. State, 27 Ala. App. 301, 171 So. 393. But it is also as well settled that it is culpable wantonness when the accused has knowledge that some person (any person) is likely to be in a position of danger and with conscious disregard of such known danger, he recklessly proceeds on a dangerous course which causes the disaster, though he may not know whether any person is actually in danger. Godfrey v. Vinson, 215 Ala. 166(6), 110 So. 13; 15 Alabama] Dig[est] Negligence, ☞11, p[age] 301."

In the case at bar the appellant's course of travel came under the influence of a pertinent part of Title 36, Sec. 5, Code 1940: "Fifteen miles an hour when passing a school during school recess or while children are going to or leaving school during opening and closing hours."

The accused testified that he was traveling at a speed rate of thirty miles per hour when the truck left the highway and ran into the decedent.

■ In approaching a review of the propriety of the refusal of the general affirmative charge in defendant's behalf, we are required to consider the evidence in its most favorable light for the prosecution. McGee v. State, Ala.App., 55 So. 2d 223; Jones v. State, supra.

■ We do not think that it is necessary for us to analyze the evidence in the instant case to illustrate our view and conclusion that the general affirmative charge was not due the accused. The following authorities sustain our opinion: Reynolds v. State, supra; Rainey v. State, supra; Jones v. State, supra; Hammell v. State, 21 Ala.App. 633, 111 So. 191; Williams v. State, 17 Ala.App. 285, 84 So. 424.

Neither are we convinced that we should disturb the ruling of the trial judge in his action in denying the motion for a new trial.

We have responded to each of the questions pressed in brief of appellant's counsel. This, of course, does not necessarily complete our task when reviewing appeals in criminal cases.

The matters we will now discuss include all of the presented questions which merit any treatment.

■ All that transpired at the time and on the occasion of the homicide constituted a part of the res gestae. Under this rule the court could have with legal propriety admitted evidence that other children were injured when the truck ran into the group. His refusal to do so was more favorable to the defendant than the law permitted. Routledge v. Schmitt, 239 Ala. 436, 195 So. 246; Roberson v. State, 23 Ala.App. 26, 119 So. 863.

A proper predicate was based to establish that the appellant made a voluntary statement to the officer after the homicide. In this aspect the witness answered: "He told me that he and three others had drank a gallon of wine prior to the time he had the wreck."

■ A state's witness testified, over appellant's objections, that the truck was traveling at about thirty miles per hour. The grounds of the objections pose the point that the declarant was not in a vantage position to determine the speed of the vehicle. Be this as it may, the reply was in accord with the testimony of the defendant and therefore related to an undisputed factual inquiry. Stallings v. State, 249 Ala. 1, 32 So.2d 233; Kincey v. State, ante, p. 301, 55 So.2d 368.

The court permitted the solicitor to have one of the state's witnesses to read a pertinent part of Sec. 5, Title 36, Code 1940, after which the prosecuting officer introduced in evidence the entire section. This procedure was unusual, and the introduction of the section was unnecessary.

In his oral charge the trial judge instructed the jury with reference to the speed law which is a part of the provisions of the above section of the code. We are unable to see how the rights of the accused were in any manner jeopardized by the introduction of the code section.

Many objections by appellant's counsel came after the witnesses had answered the questions. Tucker v. State, ante, p. 311, 55 So.2d 365.

Neither of the refused written instructions numbered 2, 6, and "A" states the law correctly. Anderson v. State, 18 Ala.App. 429, 93 So. 68; Washington v. State, 18 Ala.App. 82, 89 So. 103; Campbell v. State, 13 Ala.App. 70, 69 So. 322; Wilson v. State, 32 Ala.App. 591, 28 So. 2d 646; Ledbetter v. State, 34 Ala.App. 35, 36 So.2d 564.

Charge numbered 7 was properly refused. Campbell v. State, supra; Rector v. State, 11 Ala.App. 333, 66 So. 857; White v. State, 84 Ala. 421, 4 So. 598; Carter v. State, 205 Ala. 460, 88 So. 571.

Written instructions "B" and "C" are not hypothesized on "belief from the evidence." Wesson v. State, 251 Ala. 33, 36 So.2d 361.

It may be noted also that each of the charges predicates an acquittal on an unsound premise. The appellant may have lost control of the truck and yet be guilty of the offense of either manslaughter in the first or second degree. This would depend on the culpable circumstances incident to the cause of the lost control.

There is no reversible error in the record.

The judgment below is ordered affirmed.