248 So.2d 765

Clarence R. MAULDIN

v.

STATE.

8 Div. 82.

Court of Criminal Appeals of Alabama.

May 18, 1971.

extreme right side of the road. The automobile then swerved into the lane of approaching traffic, crossing one or more yellow lines, and collided almost head-on with a Valiant automobile in which Mrs. Dawkins was riding. There was some evidence that the appellant had been drinking beer before the accident. The Dawkins' automobile was proceeding West on the right side of the highway when it was struck.

"Manslaughter in the second degree is defined as the unlawful killing of another human being, without malice and without the intent to kill or to inflict the injury resulting in death, but accidentally committed by the accused while he was doing an unlawful act amounting to a misdemeanor or accidentally committed by the accused while he was doing a lawful act, but in a grossly negligent manner." Touchstone v. State, 42 Ala. App. 141, 155 So.2d 349; Wilson v. State, 32 Ala.App. 591, 28 So.2d 646.

No brief from appellant.

MacDonald Gallion, Atty. Gen. and Walter S. Turner, Asst. Atty. Gen., for the State.

PER CURIAM.

This appellant's jury trial under an indictment charging manslaughter in the first degree resulted in a verdict of guilty of manslaughter in the second degree. The jury fixed the punishment at ninety days in the county jail and assessed a fine of $250.00 against appellant and the court entered judgment accordingly.

The testimony for the State tended to show a collision between two automobiles on Highway 72 in Colbert County on November 29, 1968, in which Mrs. Ivy Dawkins, an occupant of one of the automobiles, was killed. One of the automobiles, a 1969 Pontiac, driven by appellant, was travelling East at a high rate of speed, exceeding the speed limit, and was coming out of a long curve in the highway when it lightly struck a truck going in the same direction on the

At the conclusion of the State's case the appellant moved to exclude the evidence. The court overruled the motion and the appellant excepted.

In our opinion the evidence presented by the State outlined above was sufficient to establish a prima facie case, if believed by the jury under the required rule. No error, therefore, resulted from the court's denial of appellant's motion to exclude the evidence and discharge the appellant.

The written charges requested by appellant and refused by the court were refused without error, since these charges were either adequately covered by the oral charge of the court or by other written charges which were given, or were abstract under the evidence or the verdict rendered, or were faulty.

The motion for a new trial, assigning as error the sufficiency of the evidence, was overruled without error.

Since no prejudicial error appears in the record, the judgment in this cause should be affirmed.

The foregoing opinion was prepared by W. J. HARALSON, Supernumerary Circuit Judge, and adopted by the court as its opinion.

Affirmed.