This case is between the same parties and relates to the same victim of an alleged homicide by defendant as Napier v. State, Ala.Cr.App., 357 So.2d 1001 (1977), rev'd, Ala., 357 So.2d 1011
(1978), on remand, Ala.Cr.App., 357 So.2d 1014 (1978).
In the cited case defendant had been convicted of murder in the first degree of David Archie Owings. His conviction was affirmed by this Court, but this Court's decision was reversed by the Alabama Supreme Court, which held that the evidence was not sufficient to sustain a conviction of murder in the first degree. On authority of the Alabama Supreme Court, this Court reversed the judgment and remanded the cause. In the opinion of the Alabama Supreme Court at 357 So.2d 1013, it is stated:
 ". . . Therefore, we do not have before us the question of whether a conviction of manslaughter or a lesser degree of murder would be sustained. The only issue before us is whether a first degree murder conviction based upon the universal malice doctrine provided for in Title 14, § 314, Code, can be sustained under the evidence in this case."
On November 10, 1978, a new indictment was returned against defendant for the same alleged homicide, but the indictment charged murder in the second degree. At the conclusion of the trial on the second indictment, the trial court, contrary to the insistence of the State, declined to submit the issue of murder in the second degree and submitted the case to the jury on the issues as to manslaughter in the first degree and manslaughter in the second degree only. The jury found defendant guilty of manslaughter in the first degree and fixed his punishment at ten years imprisonment, and he was sentenced accordingly.
The facts set forth in the opinion of the Court of Criminal Appeals in Napier, supra, are substantially the same as found in the evidence on the trial from which this appeal is taken. In referring thereto, the Supreme Court said at 357 So.2d 1012.
 ". . . The facts are fully set out in the opinion of the Court of Criminal Appeals. Napier v. State, 357 So.2d 1001 (1977), and do not need to be restated in detail here. Basically, the State charged Napier with first degree murder of David Archer Owings, who died as a result of two self-administered injections of heroin given to him by the petitioner. . . ."
To emphasize the substantial sameness of the evidence on both trials, it should be stated that as to three of the eyewitnesses who testified in person on the first trial, they did not actually appear and testify on the second trial, but their testimony on the first trial was admitted in evidence on the second. It would be a waste of paper and of time to restate in detail the facts here.
Appellant urges that the evidence does not support a conviction of manslaughter in the first degree. He appears to attempt to obtain some support for such insistence from what was said by the Supreme Court in Napier, supra. He refers to a statement at 357 So.2d 1014:
 ". . . The evidence does not show that he intended any injury to Owings, nor does it show that he made any determination to cause what would probably be injury or harm to any other person. . . ."
That such statement furnishes no support to appellant's contention is clearly shown by the sentence that immediately follows in the opinion:
 "Without such evidence, a conviction of murder in the first degree cannot be affirmed." *Page 1137 
The difference, the only difference, between the two appellate courts in Napier, supra, was as to the existence velnon of malice, particularly universal malice, an essential element of murder but not of manslaughter.
In arguing that there was no substantial evidence of voluntary manslaughter, appellant overlooks, or at least deemphasizes, the principle that a definite intent to take a life is not necessarily an ingredient of manslaughter in the first degree. Harrington v. State, 83 Ala. 9, 3 So. 425 (1888);Barnett v. State, 27 Ala. App. 277, 171 So. 293 (1936). A wanton killing is a voluntary killing within the definition of manslaughter in the first degree. Rainey v. State, 245 Ala. 458, 17 So.2d 687 (1944). Although some intent, some intentional wrongful conduct is essential to manslaughter in the first degree, so as to preclude simple negligence as sufficient, the actual intention to accomplish the fatal result is not necessary. True it is that an intent to kill is often an ingredient of manslaughter in the first degree, but it is only an alternative essential element. The other alternative is wantonness. Harrington v. State, supra; Barnett v. State,supra; Rainey v. State, supra; Gills v. State, 35 Ala. App. 119,45 So.2d 44, cert. denied, 253 Ala. 283, 45 So.2d 51 (1950);Harris v. State, 36 Ala. App. 620, 61 So.2d 769 (1952).
There has been some confusion as a result largely of either a tendency at times to treat wantonness as a degree or kind of negligence, or a tendency to treat a wanton injury as an intentional injury. As to the one, we are reminded:
 "Wantonness and negligence cannot exist in the same act or omission, for the reason that wanton or wilful misconduct implies mental action; whereas that fact is absent in mere negligence. Wantonness and negligence are hence necessarily distinct colorings of a wrong to another's injury. Louisville Nashville R. Co. v. Smith, 163 Ala. 141, 150, 151, 50 So. 241." Thompson v. White, 274 Ala. 413, 420, 149 So.2d 797, 804 (1963).
As to the other misconception, confusion is avoided by a strict adherence to the uniformly accepted principle in Alabama that wantonness occurs (and occurs only) when one is conscious of his conduct, and conscious from his knowledge of existing circumstances and conditions, that injury will likely result from his conduct, and, with reckless indifference to consequences, he consciously and intentionally does some wrongful act or omits some known duty which produces injury.Zemczonek v. McElroy, 264 Ala. 258, 268, 86 So.2d 824 (1956);Birmingham Ry. Light Power Co. v. Drennen, 175 Ala. 338, 346,57 So. 876 (1911).
The evidence was sufficient to support the verdict of manslaughter in the first degree.
Appellant complains, as defendant complained on the trial, of the court's allowing, over defendant's objection, the State to introduce in evidence the testimony of three witnesses on the previous trial. Appellant contends that the feasibility of the attendance of the witnesses was not correctly resolved because the State did not exercise due diligence in locating them. A sufficient predicate for a determination of unavailability is laid when the party offering the evidence shows that it exercised due diligence in seeking the presence of the witness at the trial to no avail. Williams v. Calloway, 281 Ala. 249,201 So.2d 506 (1967); Miles v. State, Ala.Cr.App.,366 So.2d 346 (1978).
Defendant was arraigned on December 8, 1978, and his trial was set for December 14, 1978. The evidence shows that the district attorney posted, by certified mail, subpoenas to the witnesses, Ron Quarles, Dee Dee Quarles and Les Solomon, to their last known addresses. All three letters were mailed December 7, 1978, and were returned not found. The court mailed subpoenas to them at their respective addresses *Page 1138 
on December 8, 1978, and they also were returned not found. The District Attorney stated that a member of the Pascagoula Sheriff's Department visited the address of the home of the Quarles at their residence address in Pascagoula, Mississippi, in an effort to determine their whereabouts and that an investigator from the Mobile County District Attorney's office went to Pascagoula to locate the witnesses but was not successful in his effort.
The sufficiency of the proof of the predicate of unavailability of an absent witness is addressed to the sound discretion of the trial judge. Washington v. State, 274 Ala. 386, 148 So.2d 206 (1962); Miles v. State, supra. There was no abuse of discretion by the trial judge in permitting the introduction of the previous testimony of the witnesses.
Appellant contends that he was convicted on the uncorroborated testimony of accomplices. He raised the same question on his appeal from his former conviction. We adhere to what we held in Napier v. State, supra, at 357 So.2d 1011, that even if three of the witnesses were accomplices, their testimony in essence as to defendant's conduct was corroborated by the testimony of the witness Les Solomon, who was not an accomplice.
Appellant's contention that the trial court erred in denying his plea of autrefois convict, based on the fact that appellant had been previously convicted for giving away heroin to Steven Rhodes, one of the witnesses in this case, in violation of the Alabama Uniform Controlled Substances Act, was decided adversely to him in Napier v. State, supra, at 357 So.2d 1006. We adhere to that determination and find unnecessary any further comment thereon.
Appellant also charges the trial court with error in denying his motion to dismiss the indictment. The motion was predicated upon the same grounds as the demurrer to the indictment inNapier v. State, supra. The indictments were the same with the sole exception that in the other case the indictment charged murder in the first degree and in the instant case it charges murder in the second degree. We deem it sufficient to refer to our decision on the point adverse to appellant in the opinion in the other case.
We find no error in the record. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All Judges concur.